FENTON J. FITTS & another, trustees, *vs.* FRANK A. POWELL, executor, & others.

Suffolk.    February 7, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Devise and Legacy,* To individuals or class, Life estate.

Upon consideration of an entire will and several codicils, provisions establishing a trust of the residue and giving the "net income of my estate to be equally divided, one fifth part to each, between" five named persons, the share of any of them who should die to be payable to his children until the termination of the trust, were construed to show an intention of the testator that the gift of income was to a class, though the beneficiaries were not described as nor shown by the record before this court to constitute a class; so that, on the death of one of those named without issue, there was no intestacy, and his share of the income did not become payable to his executor but should be paid to the survivors of the class.

PETITION, filed in the Probate Court for the county of Suffolk on September 18, 1938, for instructions.

The case was heard by *Dillon,* J., on the petition and answers. From the decree described in the opinion, Frank A. Powell, executor of the will of Agenora D. Fairfield, alone appealed.

*G. W. Cox,* stated the case.

*W. A. Cross,* for the respondent Frank A. Powell, executor.

*G. L. Wilson,* (*S. S. Dennis* with him,) for the respondent James Albert Fairfield.

*B. H. Dorman,* for the respondent Roscoe William Fitts Fairfield, submitted a brief.

DOLAN, J.   This is a suit in equity in which the peti-
tioners, who are trustees under the will of James M. Fair-
field, late of Boston, deceased, seek instructions as to the
proper disposition of that share of the income of the trust
estate to which Agenora D. Fairfield, now deceased, was
entitled during her life under the terms of the will.

The will of the testator is composed of the will itself and
five codicils.   These instruments were allowed, but were
to be executed in accordance with an agreement of com-
promise the terms of which, so far as appears, do not affect
the question now presented for determination.

The sixth, seventh and eighth clauses of the will read as
follows: "Sixth.   After the payment of the beforemen-
tioned debts and legacies, I give the net income of my estate
to be divided equally, one seventh part to each, between
Agenora De Fairfield, Samuel M. Fairfield, William Fair-
field, Anna Maria Fairfield, (and if she shall have any child
or children, the one-seventh part of said net income shall be
equally divided between her and her child or children,
share and share alike) Helen Florence Fairfield, James
Albert Fairfield and Dorothy Wiggin (who now lives with
me and for whom I have been appointed guardian, who is
commonly called Dorothy Fairfield).   And the one-seventh
part of said net income is given to said Dorothy, upon the
express condition that said executors and trustees shall
have the custody and control of said Dorothy, free from
the interference and control of her father or mother, and
that said executors and trustees shall expend said one-
seventh part of said net income for the care, support and
education of said Dorothy.   And I direct said executors
and trustees not to use said net income, or any part thereof,
for the benefit of said Dorothy, if she shall be taken away
from their care and control.   Whenever any of the persons
named in this clause of my will shall die, leaving a child or
children, I give the net income due and coming to such
deceased person, to such child or children, and I direct said
executors and trustees to pay the same to such child or
children until such time as said estate shall be conveyed as
provided in the eighth clause of this will.   Seventh.   After

the death of said Samuel M. Fairfield, if his wife shall survive him, I direct said executors and trustees to pay to her the sum of three hundred dollars a year, payable monthly, during her life. Eighth. After the death of Agenora De Fairfield, Samuel M. Fairfield, William Fairfield, Anna Maria Fairfield, Helen Florence Fairfield, James Albert Fairfield, and Dorothy Wiggin, otherwise called Dorothy Fairfield, my said estate is to be conveyed by my said trustees to the children of the persons named in this clause of my will, each child to receive an equal share. And I hereby give my said trustees full power and authority to make such conveyance."

By the first codicil, the testator's son William having deceased, the testator revoked the sixth clause of his will and substituted in place thereof a new sixth clause. The only changes of importance made in the new sixth clause were that the testator struck from the list of persons named to have the income in the original sixth clause of the will the name of his son William, who had deceased, and provided that the income payable to James should be held in trust, with discretion in the trustees to pay it to, or withhold it from, him and, in certain circumstances, to divide it equally among the remaining named persons.

By the second codicil the testator revoked the gift of one sixth of the income from the trust to his son James and instead gave him "Five Dollars, in full for all I give him of my estate," and eliminated from the provisions of the first codicil the name of his son Samuel, who had died.

By the fourth codicil the testator revoked the provision in the second codicil of his will whereby he gave James $5 and instead gave to him $10,000 "in full for all . . . [he gave] him as his share" of the testator's estate. The second and third clauses of this codicil are as follows: "Second. Anna Maria Fairfield named in my said last will and so named in the first codicil to said will, and named Anna Maria Fitzpatrick, being the same person, having died since the making of said last will and codicils, leaving two children, namely, Roscoe William Fitts Fairfield and Fernald Churchill

Fitts Fairfield, and I having adopted said children, I now provide as follows: Third. After the payment of my just debts and legacies, I give the net income of my estate to be equally divided, one fifth part to each, between Agenora De Fairfield, Helen Florence Fairfield, Dorothy Fairfield, Roscoe William Fitts Fairfield, and Fernald Churchill Fitts Fairfield. All parts and provisions of said will and codicils inconsistent herewith are hereby revoked; all other parts are hereby ratified and confirmed."

Agenora D. Fairfield died testate on or about March 27, 1938. Her will was allowed in the "Superior Court of the State of California in and for the County of Los Angeles." She left no issue. The judge entered a decree wherein he found that the share of the income to which Agenora was entitled until her death should thereafter be paid to the heirs at law of the testator, and directed that it be paid to the following named persons in the proportions specified. "(1) One-sixth of that share to Helen Fairfield Luening of Rutherford, New Jersey; (2) One-sixth of that share to Dorothy Fairfield Miller of Dunedin, Florida; (3) One-sixth of that share to Roscoe William Fitts Fairfield of Syracuse, New York; (4) One-sixth of that share to Fernald Churchill Fitts Fairfield of Westerly, Rhode Island; (5) One-sixth of that share to James Albert Fairfield of Englewood, New Jersey; (6) One-twelfth of that share to Grace E. Demaries of Lowell, Massachusetts, a child of Etta J. Irwin, deceased; and (7) One-twelfth of that share to Raymond Irwin of Lowell, Massachusetts, a child of Etta J. Irwin, deceased."

The only respondent who appealed from this decree is the executor of the will of Agenora. He contends that the share of income to which she was entitled during her life is payable to her personal representative until the termination of the trust. The respondent Roscoe W. F. Fairfield argues that this share of the income is payable to the four surviving named persons in equal shares. The respondent James A. Fairfield contends that it must be treated as intestate property.

The contention of the executor of the will of Agenora

cannot be sustained. The explicit declaration of the testa-
tor that whenever any of the persons named should die
leaving a child or children the net income "due and coming"
to such deceased person should be paid to such child or
children until the termination of the trust, manifests an
intention on his part not to give anything to those claiming
under any of the persons named except as expressly pro-
vided. *Dove* v. *Johnson*, 141 Mass. 287. *Meserve* v. *Haak*,
191 Mass. 220, 222. *Pratt* v. *Condon*, 239 Mass. 167, 172.
This construction is not forbidden although the vesting of
title to the income is not in terms limited to the lives of the
persons named. *Springfield Safe Deposit & Trust Co.* v.
*Dunn*, 243 Mass. 7, 9, and cases cited. It is so limited by
implication.

That it was the purpose of the testator to restrict the
payment of income to the respective lives of the persons
designated by name to take, is further evidenced by the
codicils executed by him upon the deaths of certain of them
wherein he struck their names from the provisions of the
trust — in the case of Anna Maria, making her two children
whom he had adopted sharers on an equal basis with the
then three surviving named persons, and whereunder the
respondent James A. Fairfield was ultimately excluded from
sharing in the income of the trust fund and instead was given
a lump sum "in full for all . . . [the testator gave] him of
. . . [his] estate." The present case is distinguishable
from cases cited by the executor of the will of Agenora,
where there was no express or implied limitation of the gifts
of income to the lives of the beneficiaries, as for example in
*Stanwood* v. *Stanwood*, 179 Mass. 223. See also *Flye* v.
*Jones*, 283 Mass. 136, 139, 140, and cases cited.

We are of opinion that upon the death of Agenora the
share of income in question did not pass to her estate.

With respect to the contention of the respondent Roscoe
W. F. Fairfield that the share of income involved became
payable after the death of Agenora to the other persons
named in equal shares, it is the general rule that "where
there is a gift by will of a fund or residue to several legatees
who are named, to be divided among them in equal shares,

the gift is to them as individuals and not as a class." *Hobbs*
v. *Chesley,* 251 Mass. 155, 157. *Frost* v. *Courtis,* 167 Mass.
251. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115. *Flye*
v. *Jones,* 283 Mass. 136, 138. This is true even though the
named individuals do in fact constitute a class and are
described as a class. *Boston Safe Deposit & Trust Co.* v.
*Reed,* 229 Mass. 267. *Cotter* v. *Cotter,* 293 Mass. 500. The
rule also applies to gifts of income to named individuals.
*Stanwood* v. *Stanwood,* 179 Mass. 223. *Loomis* v. *Gorham,*
186 Mass. 444. *Forbes* v. *Brigham,* 232 Mass. 177. *Boyn-
ton* v. *Boynton,* 266 Mass. 454. *Thompson* v. *Martin,* 281
Mass. 41. Nevertheless, it is established that the funda-
mental rule for the construction of wills is to ascertain the
intention of the testator from the whole instrument, at-
tributing due weight to all its language, considered in the
light of the circumstances known to him at the time of its
execution and to give effect to that intent unless some
positive rule of law forbids. *Ware* v. *Minot,* 202 Mass.
512, 516. *State Street Trust Co.* v. *White,* 305 Mass. 547,
551.

It is also settled that, if a reading of the whole will pro-
duces a conviction that the testator must necessarily have
intended an interest to be given which is not bequeathed
or devised by express or formal words, the court must sup-
ply the defect by implication and so mould the language of
the testator as to carry into effect as far as possible the in-
tention which it is of opinion that he has sufficiently de-
clared. *Metcalf* v. *First Parish in Framingham,* 128 Mass.
370, 374. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152
Mass. 95, 100. *Sanger* v. *Bourke,* 209 Mass. 481, 486.
*Lamb* v. *Jordan,* 233 Mass. 335, 340. But if "There is
nothing in the will that makes it certain what the testator
desired to do in the contingency that has arisen" the rule
just referred to does not apply. *Bailey* v. *Bailey,* 236
Mass. 244, 247. *Child* v. *Child,* 185 Mass. 376, 378, 379.
*Loring* v. *Dexter,* 256 Mass. 273, 278.

A reading of the several instruments constituting the ulti-
mate testamentary dispositions of the testator and a con-
sideration of the circumstances in the light of which they

were executed convinces us that it was his fixed purpose
that none but those named, or in the event of their death
their children, should enjoy the income from the trust estate
in question.  The testator clearly intended that the trust
estate was to be kept intact until the death of the last sur-
vivor of the persons designated by name to participate in
the income therefrom.  It was a trust of the residue of his
estate, and where one makes a will it is presumed that he
intends to dispose of all his property and leave no intestate
estate.  *Bates* v. *Kingsley,* 215 Mass. 62, 63.  *Hedge* v.
*State Street Trust Co.* 251 Mass. 410, 412.  *Lyman* v. *Sohier,*
266 Mass. 4, 8.  *Daley* v. *Daley,* 300 Mass. 17, 23.  On the
whole we are of opinion that the testator was thinking of
those designated to take the income from the trust estate
as a class though not described by him as such nor shown
by the record to constitute in fact a class.  See *Boston Safe
Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, 271; *Boynton*
v. *Boynton,* 266 Mass. 454, 460; *Cotter* v. *Cotter,* 293 Mass.
500, 502.  (In passing, however, it may not be inappropri-
ate to observe that it appears by express statements or
inferences in the briefs of all the respondents who have
argued before us that the persons ultimately designated by
name to share in the income were in fact a class consisting
of adopted children of the testator.)

The provision that the child or children of those named
to share in the income from the trust estate, who should
have deceased, shall take the "income due and coming to
such deceased person" raises no difficulty, but simply makes
a subclass of such child or children and puts them in place
of their respective, named parents.  If this provision has
any effect it is to show that it is assumed that the share
would go over but for such provision.  The words "one
fifth part to each" do not affect the question.  They sim-
ply determine the proportions in which the income is to be
divided.  It is true that the event which has happened is
not specifically provided for, but, upon our interpretation,
it was not necessary to provide for it specifically.  *Dove* v.
*Johnson,* 141 Mass. 287, 290–291.

We think that the testator in the present case did not

intend that any part of his estate should pass as intestate property, and that upon the death of Agenora the entire income from the trust estate became payable in equal shares to the four surviving persons designated by the testator by name to share therein. See *Sanger* v. *Bourke,* 209 Mass. 481.

Accordingly, the decree entered in the Probate Court is reversed and instead a decree is to be entered that the income from the trust estate is payable to Helen Florence Luening, Dorothy Fairfield, Roscoe William Fitts Fairfield and Fernald Churchill Fitts Fairfield in equal shares. Costs and expenses of this appeal may be allowed in the discretion of the Probate Court.

*Ordered accordingly.*