OLD COLONY TRUST COMPANY, trustee, *vs.* GRACE W.
TREADWELL & others.

Suffolk.     May 8, 1942. — September 9, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Devise and Legacy,* To individuals or to class, Life estate.

Upon construction of an entire will containing a provision that the
"yearly interest" of certain trust property "be paid to" three named
nieces, with a gift of the principal over to a nephew "on the death of
my three nieces," but no statement as to a division of income among
the three nieces or as to their issue or as to accumulation of any of
the income on the death of any of the three until the transfer of the
principal to the nephew, the gift to the nieces was to them as a class,
and after the death of any of them her share of the income was pay-
able to the survivors or survivor until the death of the last survivor.

PETITION, filed in the Probate Court for the county of
Suffolk on January 24, 1941, for instructions.

From a decree entered after a hearing by *Dillon,* J., the
executors of the will of Ann L. Shackford; the adminis-
trator of the estate of Caroline R. Treadwell; and Anna D.
Wright, Storer G. Decatur, and Stephen Decatur appealed.

*H. L. Burnham,* for the petitioner, stated the case.

*P. B. Sargent,* for the respondents Bartlett and another,
executors.

*C. P. Bartlett,* for the respondents Wright and others.

*R. W. Hale,* for the respondent Grace W. Treadwell.

DOLAN, J. This is a petition in equity in which the
petitioner as it is trustee under the will of Emily T. Phillips
seeks instructions as to the proper disposition of the shares
of income from the trust estate to which Caroline R. Tread-
well and Ann L. (Treadwell) Shackford, both of whom are
now deceased, were entitled during their lives under the
terms of the will.

The testatrix died on April 12, 1890. She was survived
by her husband, W. Quincy Phillips; Caroline R. Tread-
well and Ann L. Treadwell (later Shackford), daughters of

her brother George L. Treadwell; Grace W. Treadwell, daughter of her brother William H. Treadwell; two daughters of her brother John P. Treadwell; and by a nephew, Frederick P. Treadwell. The John P. Treadwell family, including his two daughters, were "upon unfriendly relations with the testatrix and with the families to which the three other nieces belonged." Under her will the testatrix bequeathed to her husband all her "monies in banks or other corporations . . . with the understanding [that] he shall pay $150. . . . yearly . . . to Sophia H. Langdon during her lifetime." She also bequeathed to him the income from the D. H. Treadwell estate. The testatrix then provided as follows: "On the death of my husband I wish the yearly interest of all my monies in banks or other corporations as well as that of the undivided Income of the estate of D. H. Treadwell above mentioned to be paid to my three nieces, Ann L. Caroline R. & Grace W. Treadwell. On the death of my three nieces Ann L. Caroline R. & Grace W. Treadwell, I bequeath all my monies in banks or other corporations together with my share of Undivided Income from the estate of D. H. Treadwell to my nephew, Frederick P. Treadwell, under the same conditions as above stated."

Under other provisions of the will she devised all of her real estate to her husband, and made specific bequests of certain trinkets, books, pictures, china, silverware, furniture and jewelry to her nephew Frederick and her nieces Ann, Caroline and Grace respectively. None other than her husband and those nieces and her nephew Frederick is mentioned in her will except "Marianna" (Weston Treadwell), to whom she bequeathed several articles which Marianna had previously given her together with a vase.

The testatrix's husband died testate and under the terms of his will he left $5,000 each to Ann and Caroline Treadwell, the income of $40,000 to Grace W. Treadwell, and, after providing for certain other pecuniary legacies, gave the residue of his estate to Grace.

Caroline R. Treadwell died intestate December 13, 1938, leaving as her sole heir Ann. In April, 1939, Grace in-

structed the trustee to pay two thirds of the income to Ann while Ann and she were both living. This was done until the death of Ann on May 22, 1940. Ann died testate and left the residue of her estate to Anna Decatur Wright, Storer G. Decatur and Steven Decatur, Jr. Grace is still living. The remainderman, the testatrix's nephew, died intestate on June 25, 1918. He was a resident of Zürich, Switzerland, and left a wife and three children, who were named as respondents. His wife donated all of her interest in his estate to the children and she died intestate in 1938 leaving them as her sole heirs at law.

The judge entered a decree instructing the petitioner in substance that all of the net income of the trust estate was payable to Grace W. Treadwell, with the exception of certain income accumulated prior to the death of Ann. The executors of the will of Ann, the administrator of the estate of Caroline, and the residuary legatees under the will of Ann appealed. It is their contention that the gift of the income of the trust estate to the three named nieces was not one to them as a class, that the survivor is not entitled to the entire income, and that the respective shares formerly payable to Caroline and Ann did not pass upon the death of each as intestate property but are payable to the respective representatives of their estates.

At the time of the death of the testatrix her husband would have been entitled to any of her property not disposed of by her will. We are in accord, however, with the contention of the appellants that the income in question cannot be treated properly under the terms of the will as intestate property. "It is well settled that a construction of a will resulting in intestacy is not to be adopted unless plainly required; and it is to be presumed that when a will is made the testator intended a disposition of all his property and did not intend to leave an intestate estate." *Lyman* v. *Sohier*, 266 Mass. 4, 8. *Devine* v. *Deckrow*, 299 Mass. 28, 31. *Harrison* v. *Stevens*, 305 Mass. 532, 536. A conclusion that the shares of income in question must be treated as intestate property during the life of the trust not only is not required but is not permissible in the present case.

It is the general rule that where there is a gift by will of a fund or residue to several legatees who are named, to be divided among them in equal shares, the gift is to them as individuals, and this is true even though the named individuals do in fact constitute a class and are described as a class. *Hobbs* v. *Chesley*, 251 Mass. 155, 157. *Fitts* v. *Powell*, 307 Mass. 449, 453, 454, and cases cited. But this rule is one of construction, not a positive rule of law, and hence must, when required, bow to the cardinal rule for the construction of wills, namely, that the intention of the testator is to be ascertained from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to him at the time of its execution and, when so ascertained, that it be given effect unless some positive rule of law forbids. *Ware* v. *Minot*, 202 Mass. 512, 516. *State Street Trust Co.* v. *White*, 305 Mass. 547, 551. *New England Trust Co.* v. *Berry*, 310 Mass. 35, 39, and cases cited.

The present case falls within the principle of such cases as *Fitts* v. *Powell*, 307 Mass. 449, 452, 456, and *New England Trust Co.* v. *Berry*, 310 Mass. 35, 39, and cases cited, and we are of opinion that the testatrix intended her three nieces to take as a class and not as individuals. While not decisive, it is to be noted that the provisions of the trust for them do not include any direction for a division of the income among them, but simply provide that the yearly interest from the trust fund should "be paid to" them. This gives evidence that she was thinking of the three named nieces as a group. The naming of the three nieces is explained by the fact, which is agreed to by the parties, that the testatrix had other nieces who were "upon unfriendly relations" with her. There was no provision for issue of any of the three nieces, in the event that any of them should die before the termination of the trust, to show that survivorship was not to obtain among them. *Thompson* v. *Martin*, 281 Mass. 41, 45. *Cotter* v. *Cotter*, 293 Mass. 500, 504. Except for trifling gifts the will gives no evidence of any testamentary intent to benefit any one other than the husband of the testatrix, the three named nieces, and

her nephew to whom upon the death of her "three nieces Ann L. Caroline R. & Grace W." she bequeathed the trust estate including the "Undivided Income from the estate of D. H. Treadwell" in remainder. It is plain that under the terms of the will this disposition of the principal of the trust estate cannot take effect until the death of the surviving life beneficiary under the trust, and there is nothing to support a conclusion that the income formerly payable to the deceased beneficiaries was intended to be accumulated for the benefit of the remainderman. On the contrary, under the terms of the will, the "yearly" interest from the trust estate was directed to be paid over. In *Loring* v. *Coolidge*, 99 Mass. 191, 193, it was held that where there is "no apparent intent that the principal should be broken, or the trust in any part terminated, until the death of both of the beneficiaries for life, it seems to follow that the entire income should be paid to the survivor."

In the foregoing circumstances we are of opinion that it was the intention of the testatrix to benefit her three named nieces as a group, that the trust estate should be held until the death of the survivor and that the income therefrom should be wholly payable to them and to the survivors or survivor of them.

Costs and expenses of this appeal are to be in the discretion of the Probate Court.

*Decree affirmed.*