THE FRANKLIN SQUARE HOUSE *vs.* HAROLD M. SISKIND & others, executors, & others.

Essex.    February 3, 1948. — April 1, 1948.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Devise and Legacy,* Equitable life. estate, Remainder, Lapse, Time of payment.

Under a will in which the testatrix first made three separate bequests in trust, the income of each trust to be paid to the beneficiary therein named for life; then directed that "upon the death of the beneficiaries in the foregoing trusts" there should be "final disposition of my property" "to the following charities"; and then made sundry charitable bequests, followed by a residuary bequest, no remainder interest to follow any one of the three equitable life interests under the trusts was created in the charitable legatees; their bequests were payable from the general assets of the testatrix's estate.

A legacy in trust to pay the income to a certain person for life, without any gift over of the remainder interest upon his death, lapsed where he predeceased the testatrix.

Charitable bequests, payable from the general assets of the testatrix's estate, and not as remainder interests, "upon the death of the beneficiaries in" three separate trusts for life established by preceding provisions of the will, did not become payable until the death of the survivor of the cestuis.

PETITION, filed in the Probate Court for the county of Essex on March 29, 1947.

The case was heard by *Costello,* J.

*L. Dana,* (*G. P. Welsh* with him,) for the petitioner.

*I. W. Sargent,* for the respondent executors.

WILLIAMS, J.  This is a petition for the interpretation of the will of Susan Helen Fuller, late of Lawrence, who died on January 17, 1925, and whose will was admitted to probate by decree of the Probate Court on February 27, 1925.  We treat it as a petition for a declaratory decree as to the rights of the petitioner concerning the subject matter of the petition. *Sylvester* v. *Newton*, 321 Mass. 416.  After certain specific bequests, the will by paragraphs 4, 5 and 6 created three trusts, one in the amount of $20,000 for the benefit of Marion Webb, one in the amount of $5,000 for the benefit of Irving O. Nash, and one in the amount of $15,000 for the benefit of Alexander L. Siskind and Blumah R. Siskind, husband and wife.  The following language was used in providing for all three of these trusts: "to hold in trust for the benefit of . . ., and to invest the same in any of the investments authorized by law and to pay from said investments the income thereof, quarterly to the said . . .," except that in the trusts for Nash and the Siskinds the word annually was used instead of the word quarterly.  Following these three bequests, paragraph 7 provided: "Upon the death of the beneficiaries in the foregoing trusts, I desire that final disposition of my property shall be made to the following charities in the order named, in memory of and because of promises given to my dear late husband, Reuben B. Fuller."  Then followed paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17, providing for pecuniary legacies to various charitable institutions, and paragraph 18, creating a trust fund for the benefit of certain residents of Lawrence, the total amount of such bequests being $35,000.  The first of these bequests was to the petitioner (paragraph 8) in the following language: "To the Franklin Square Home of East Newton Street, Boston, Massachusetts, I give the sum of five thousand ($5,000) dollars, the same to be used in the discretion of the directors of the said institution in the form of loans to needy and deserving women."  After these charitable bequests the residue was left to said Alexander L. Siskind.  Siskind also was named executor and trustee with the Old Colony Trust Company as successor in both capacities.  Siskind died on May 5, 1944.  The respondents

are the executors of Siskind's estate and the charitable legatees. American Unitarian Association, Home for Aged Couples and the executors have appeared and answered. The petition has been taken pro confesso against Home for Jewish Children, The New England Home for Little Wanderers, The Industrial School for Crippled and Deformed Children, Boston Nursery for Blind Babies, The Lawrence Home for Aged People, and Invalid Home Corporation.

Irving O. Nash, the beneficiary of the second above described trust (paragraph 5), predeceased the testatrix. Marion Webb and Blumah R. Siskind were still living at the time of the hearing in the Probate Court. It is the contention of the petitioner that, on the death of the testatrix, the bequest in trust to Nash did not lapse but survived as a "dry or passive trust," and that, after the expiration of one year from the death of the testatrix, the principal of that trust became payable to the charitable legatees as remaindermen in the order in which they were named. American Unitarian Association and Home for Aged Couples join in this contention and in the prayer of the petitioner that the court "interpret the will of Susan Helen Fuller and declare when the legacy under paragraph (8) of said will became or will become due and payable to the petitioner." The respondent executors contend that the bequest in trust to Nash lapsed, that the respective interests of the charities are not by way of remainder, and that their legacies are not payable until after the death of the last surviving beneficiary of the trusts.

A decree from which the petitioner has appealed was entered in the Probate Court on November 3, 1947, and provided that "the time for payment of the legacy to the petitioner under paragraph #8 of said will of Susan Helen Fuller is postponed until the death of the last survivor of the life beneficiaries of all the trusts set up in paragraph[s] #4, #5 and #6 of said will."

The beneficiaries of the three trusts in paragraphs 4, 5 and 6 took equitable life estates. *Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65. No estates in remainder were created as there were no gifts over of the whole

or part of any of the trust funds. The legacies to the charities are payable from the general assets of the estate. Nash having predeceased the testatrix, the bequest of $5,000 in trust for him (paragraph 5) lapsed and became a part of the general assets. *Smith* v. *Livermore,* 298 Mass. 223. The funds held in the remaining trusts likewise will go into the · general estate on the deaths of the respective beneficiaries.

Giving the language used in paragraph 7 its ordinary and grammatical meaning, the will provides that payment of the legacies to the charities shall be postponed until all beneficiaries of the trusts shall have died, at which time "final disposition of my property shall be made." *Loring* v. *Coolidge,* 99 Mass. 191. "Words in a will are to be given their ordinary meaning unless an intention to use them in some different sense is shown." *Smith* v. *Livermore,* 298 Mass. 223, 234. *Thompson* v. *Clarke,* 264 Mass. 56, 60. Nothing in the will serves to negative the expressed intention of the testatrix. *Pope* v. *Farnsworth,* 146 Mass. 339, 343. *Boynton* v. *Boynton,* 266 Mass. 454. Words similar to those here used, following the suggestion made by the court in *Loring* v. *Coolidge,* 99 Mass. 191, have, in cases like *Gardiner* v. *Savage,* 182 Mass. 521, and *Brown* v. *Farmer,* 184 Mass. 136, been construed to refer to members of a class distributively or disjunctively. But in those cases interests in remainder were given per stirpes to children or relatives of the named beneficiaries. The rule of construction therein stated is not applicable to the present facts. This is the opinion of a majority of the court.

The decree of the Probate Court is affirmed. Costs and expenses of this appeal are to be in the discretion of the Probate Court.

*So ordered.*