LONGY SCHOOL OF MUSIC, INC. *vs.* DUDLEY L. PICKMAN, JUNIOR, & another, executors.

Middlesex.    May 7, 1962. — June 7, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & SPIEGEL, JJ.

*Devise and Legacy,* Cancellation of debt.  *Loan.*

Under a will bequeathing a substantial amount to a school and directing that all loans to it made by the testator outstanding at his death should "be cancelled and discharged" and that his executor should pay any notes of the school then outstanding, "but only if they bear . . . [the testator's] endorsement," and should "release and discharge" the school from any obligation to repay his estate "for any such payments made on behalf of the school," the executor was not required to pay a note of the school, not bearing the testator's endorsement, given to a bank and secured by a pledge of stock owned by the testator which, before making the will, he had authorized the school to pledge as security for indebtedness of it to the bank, nor did the authority to pledge the stock constitute a cancellable loan by him to the school; and, on sale of the stock and use of proceeds of the sale to pay the note, the school was obligated to reimburse the testator's estate for the amount so used.

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on June 22, 1961.

The case was reported by *Monahan, J.*

*Richard Wait* for the petitioner.

*Paul V. Power* (*Nicholas U. Sommerfeld* with him) for the respondents.

SPIEGEL, J.  This is a suit in equity pursuant to G. L. c. 197, § 19 (as amended through St. 1954, c. 465, § 2), by which the Longy School of Music, Inc., seeks an order requiring the respondents, executors under the will of Edward M. Pickman, to pay the balance of a legacy bequeathed the petitioner.  After hearing and without decision, the probate judge reserved and reported the case to this court upon the pleadings and a statement of agreed facts.

The testator died on May 9, 1959.  His will was executed

on August 18, 1948, and was amended by two subsequent codicils. Article Second of the will as amended by the second codicil contained a specific bequest of $50,000 to the petitioner. It also included the following provision. "In addition to this specific bequest I direct that all loans to said school made by me and outstanding and unpaid at the time of my death be cancelled and discharged. I further direct my Executor . . . to pay any note or notes made by the said school [petitioner] and bearing my endorsement (but only if they bear my endorsement) which may be outstanding and unpaid at the time of my death, and to release and discharge said school from any obligation to repay my estate for any such payments made on behalf of the school under this direction."

On November 30, 1946, the testator executed an "Authority to Pledge Agreement" which authorized the petitioner to pledge 200 shares of Westinghouse Electric Corp. common stock and ten shares of American Can Co. preferred stock owned by the testator as security for any indebtedness "now existing or hereafter arising" of the petitioner to The First National Bank of Boston. At the time of the testator's death, there was outstanding a note of the petitioner for $6,000 (with interest at 5½% per annum). The above mentioned securities were pledged as collateral but the note did not bear the testator's personal indorsement. On July 15, 1959, a renewal note was made without the knowledge or approval of the respondents. Principal and interest on that note amounted to $6,474.85 which was paid by the sale of 156 shares of the Westinghouse stock.

At the date of the testator's death, there was outstanding a loan of $1,000 made by the testator to the petitioner which was discharged by the respondents in accordance with Article Second of the will. Upon inquiry, the petitioner advised one of the respondents that "there are no obligations of the school on which he [the testator] was an endorser."

The respondents have paid the petitioner $40,000 but have withheld the balance of the legacy on the ground that the petitioner is indebted to the respondents to the extent of the levy upon the pledged stock.

The only issue before us is whether the will of Edward M. Pickman provides for the payment of the note made pursuant to the "Authority to Pledge Agreement" and for the discharge of any obligation to reimburse the estate for such payment.

The petitioner contends that it is apparent from the provisions in the will for the discharge of loans and payment of notes that the testator intended "that on his death the slate should be wiped clean of all financial transactions between him and the School." We do not agree.

In construing a will, it is this court's duty "to ascertain the intent of the testator from the words he used construed in the light of the facts with reference to which they were employed . . . ." *Knowlton* v. *Forbush,* 322 Mass. 703, 704. *Boston Safe Deposit & Trust Co.* v. *Boston Safe Deposit & Trust Co.* 343 Mass. 695, 698.

The words of the will are to be given their ordinary meaning unless an intention to use them in a different sense is shown. *Smith* v. *Livermore,* 298 Mass. 223, 234. *Franklin Square House* v. *Siskind,* 322 Mass. 556, 559. The testator's direction for the payment of notes made by the petitioner and outstanding at the testator's death is explicit and without ambiguity. It provides that such notes are to be paid "only if they bear my [the testator's] endorsement."

We do not believe that the authority to pledge the securities constituted a loan within the meaning of the provision in the will for the discharge of loans made by the testator to the school and "outstanding and unpaid" at his death. Indeed, the petitioner does not claim to be entitled to the pledged securities which were not used to discharge the note.

Since the note which was paid by sale of a portion of the pledged securities is not within the provisions of the will for the payment of notes or the discharge of loans, the petitioner is indebted to the extent of the levy upon the pledged stock. The balance of the specific legacy having been withheld by the respondents on account of this indebtedness, the

petitioner is entitled to the difference between the amount withheld and $6,474.85 the amount retained by the bank in payment of the note.

A decree is to be entered ordering the respondents to pay to the petitioner $3,525.15, less costs as upon appeal.

*So ordered.*