HOBART TEMPLE WRIGHT & another[1] *vs.* SHIRLEY J. BENTTINEN, guardian & others.[2]

Plymouth.   February 8, 1967. — May 2, 1967.

Present: WILKINS, C.J., CUTTER, KIRK, & SPIEGEL, JJ.

*Devise and Legacy,* Intestacy, Residuary clause, Correction of defective expression.

Under a will making bequests to the testator's son and other family members and bequeathing the residue of the estate to the testator's wife and providing that if the testator and his wife should perish as a result of a common disaster the residue should be equally divided among his grandchildren, but not making any disposition of the residue in the event, which occurred, of the testator's wife predeceasing him from a cause other than a common disaster, it was held that the will read as a whole showed no intent of the testator to dispose of the residue in the event which occurred and should not be modified so as to give the residue to the grandchildren in that event, and that the residue passed by intestacy, notwithstanding that the son, although excluded from sharing in the residue under the common disaster provision, would share therein upon such intestacy.

PETITION filed in the Probate Court for the county of Plymouth on June 11, 1965.

The case was heard by *Sullivan, J.*

*Alton F. Lyon* for the petitioners.

*John R. Hally* for the respondents.

KIRK, J.  The sole question presented for determination by this appeal from a decree of the Probate Court is the right of the petitioners under the fourteenth clause in the will of Louis F. Wright to share the title to certain real estate in Falmouth, Massachusetts.

[1] James Locke Wright.  Both petitioners are grandchildren of the testator by his son Hobart A., who survived the testator but is now deceased.

[2] Ralph W. Copeland, executor under the will of the testator; Mary P. Iliff, Elizabeth D. Revere, Marjorie D. Ross and Robert C. Rhoades, grantees of Hobart A. Wright.  Shirley J. Benttinen is the guardian of Joyce Louise, Mary Elizabeth and Louis Elwin Wright, grandchildren of the testator by his son Louis E., who predeceased the testator.

The testator died on October 18, 1958.    His will, executed on November 3, 1951, contained fourteen dispositive paragraphs.    The first paragraph was a bequest to his sister. By paragraphs 2 and 3, the testator gave to his sister a five year tenancy in two parcels of real estate, one situated in Brockton and the other situated in Falmouth, Massachusetts.    Both paragraphs provided that upon the expiration of the five year term, or in the event his sister should die before the expiration of the term, "then said property is to become the sole property of my wife, L. Mildred Wright, unless it should happen that the provisions later mentioned in this will for the death of my wife and myself as the result of the same common disaster should become operative."    Paragraphs 4 to 12 were bequests severally to the testator's son, Hobart A., to the wife of his deceased son Louis E. and to his grandchildren by both sons.    Paragraphs 13 and 14 read: "13.    All the rest-residue and remainder of my property, real, personal or mixed, wherever located and of whatever nature and description to my wife, L. Mildred Wright.    14.    In the event that my wife and I should perish as the result of the same common disaster within sixty days of each other, then I direct that whatever is left to her under the provisions of this will shall become void and said property shall be equally divided between my grandchildren then living."

The testator's wife (and, apparently, his sister) predeceased him.    On April 1, 1959, the testator's son, Hobart A., conveyed by quitclaim deed the real estate located in Falmouth.    Hobart A. died.    On June 11, 1965, the two sons of Hobart A., grandchildren of the testator, brought a petition in the Probate Court to determine the rights of the parties under paragraph 14 of the will.    The probate judge entered a decree that there was a lapse of the residuary bequest to the testator's wife and that the petitioners have no interest in the Falmouth property.

Only the petitioners have appealed from the decree. They contend that a reading of the will shows that the testator's intent was that, in the event his wife predeceased

him, the residue of his estate should pass directly to his grandchildren under paragraph 14 of the will. They suggest that paragraph 14 should be modified to read: "In the event that my wife *should predecease* [*me*] *or we* should perish as a result of the same common disaster within sixty days of each other, then I direct that whatever is left to her under the provisions of this will shall become void and said property shall be equally divided between my grandchildren then living" (emphasis supplied).

We look at the will as a whole to ascertain the intent of the testator. *Loring* v. *Clapp,* 337 Mass. 53, 59. "If a reading of the whole will 'produces a conviction that a particular interest . . . must have been intended to have been given not expressed by formal words, the court must supply the defect by implication, and so mould the language . . . as to carry into effect the intention which it is of opinion has by the instrument as a whole been sufficiently declared.' *Eustace* v. *Dickey,* 240 Mass. 55, 73." *Salter* v. *Salter,* 338 Mass. 391, 393. A reading of the whole will shows that the only provision which the testator has made with respect to the residue passing under his will upon the death of his wife prior to himself is in paragraph 14. By that paragraph the property intended for the testator's wife is to go to the testator's grandchildren only upon her death within sixty days of the testator from a common disaster. These words are to be given their ordinary meaning. *Franklin Square House* v. *Siskind,* 322 Mass. 556, 559. *Longy Sch. of Music, Inc.* v. *Pickman,* 344 Mass. 511, 513. We conclude that the testator has manifested no intent in his will to dispose of the residue of his estate upon the contingency which has come to pass: that his wife should predecease him by more than sixty days by some cause other than a common disaster. The testator's words accordingly require a construction leading to a partial intestacy. *Langlois* v. *Langlois,* 326 Mass. 85, 87.

The petitioners argue that if the testator intended that his son should share in the residue of the estate, as he does when the residue passes by way of intestacy (G. L. c. 190,

§§ 2, 3), it is strange that the testator excluded his son from sharing in the residue in the event of a common disaster. The argument, however, merely raises but does not answer the question of how the testator would have disposed of the residue of his property had he contemplated the death of his wife before his own death. The fact is that he has not provided for a disposition in the circumstances which have arisen. The reading of the will as a whole fails to produce a conviction that there "must have been intended" a purpose to favor Hobart A.'s children to the exclusion of Hobart A. himself. We are left to conjecture. *Bailey* v. *Bailey,* 236 Mass. 244, 247. *Sanderson* v. *Norcross,* 242 Mass. 43, 46. *Wheeler* v. *Kennard,* 344 Mass. 466, 470. *National Shawmut Bank* v. *Zink,* 347 Mass. 194, 196.

The reliance of the petitioners on *Balcom* v. *Balcom,* 333 Mass. 599, is misplaced. In that case the testator's will contained an explicit provision that "[t]he failure to make any provision for my children is intentional and is not caused by accident or mistake" (p. 600). There was no doubt that the testator intended to exclude his children. In contrast, in the will now before us, Hobart A. was a legatee. There is no indication that the testator intended that his son Hobart A. should be barred from sharing in the intestate property or that the residue should not be disposed of according to law. See *Langlois* v. *Langlois,* 326 Mass. 85, 89; *National Shawmut Bank* v. *Zink,* 347 Mass. 194, 196. Hobart A. Wright was therefore entitled to share in the residue of the estate, consisting in part of the Falmouth property, to the exclusion of the petitioners. See *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 711–712; *Langlois* v. *Langlois,* 326 Mass. 85, 89.

*Decree affirmed.*