HESLIP E. SUTHERLAND & another, executors, *vs.* THOMAS FLAHERTY & others.

Middlesex.    February 21, 1973. — July 10, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Devise and Legacy,* To individuals or to class, Lapse, Intestacy.

Where the will of a childless widower gave all of his estate to a niece of his wife and the niece's husband, with whom he had lived for twenty-five years, and "nothing to any relative of mine," he intended that the gift to the niece and her husband should be to them as a class, so that the death of the niece before that of the testator did not cause her share of the gift to lapse, and the entire gift passed to her husband, who survived the testator. [390-391]

PETITION filed in the Probate Court for the county of Middlesex on March 23, 1970.

The case was heard by *Hays,* J.

*William S. Monahan* stated the case.

*Joseph J. Brodigan* for Thomas Flaherty & others.

*Robert J. Muldoon, Jr. (Patricia K. Hagedorn* with him) for Raymond A. Noonan.

ROSE, J.    These are appeals by several respondents from a final decree of the Probate Court for Middlesex County instructing the executors under the will of Michael P. Flaherty to ". . . distribute all property under the First Clause of said will to said Raymond A. Noonan as survivor . . .." The evidence is reported, but the probate judge made no report of material facts.

The testator, Michael P. Flaherty, executed a will on November 29, 1967, the pertinent clauses of which read,

*"First:* I give, devise and bequeath all of my estate, both real and personal, wherever situated, to Catherine C. Noonan and Raymond A. Noonan of Weston, Massachusetts. . . . *Third:* Having no children and being a widower, I leave nothing to any relative of mine who has not been hereinbefore mentioned." The will contained no residuary clause.

The testimony was as follows. In 1929, Catherine and Raymond were married. Catherine was the niece of the testator's wife. Raymond had known the testator for a few years prior to the marriage. After the testator's wife died in 1942, the Noonans went to live with the testator in the Wollaston section of Quincy. The three lived there together until 1962. During that period Catherine kept house for both of them. They were accustomed to vacationing together and ate out together on occasion. In 1962, they all moved to Weston. Beginning in about 1966, when the testator was approximately eighty years old, his physical condition deteriorated rapidly. This was especially so with respect to his legs. He had difficulty in walking, used a cane, needed help in rising from a chair, and required Raymond's assistance to take a shower.

Catherine predeceased the testator by two weeks, dying on June 25, 1969. The testator died on July 9, 1969. Raymond survived both his wife and the testator. The testator was also survived by his heirs at law, numerous nieces and nephews, residing in this country and in Ireland. On March 23, 1970, the executors of the testator's will filed a petition for instructions ". . . as to the proper person or persons to whom the assets of the estate should be distributed . . .", naming the testator's nieces and nephews as respondents and later amending to add Raymond A. Noonan.

The sole issue presented is whether Raymond takes all of the estate assets because he survived Catherine or whether Catherine's share lapses because she predeceased the testator, thus causing half of the estate to pass by intestacy to the testator's heirs at law.

It is well settled that if a legatee not a relation of the

testator predeceases a testator, the legacy lapses unless the will provides otherwise. *Worcester Trust Co.* v. *Turner,* 210 Mass. 115, 121. *Hobbs* v. *Chesley,* 251 Mass. 155, 157. However, if the legacy is given to a group of people as a class, the death of one of the members of the class will not cause the legacy to lapse; rather, it will pass to the survivors. "It is the general rule that where there is a gift by will of a fund or residue to several legatees who are named, to be divided among them in equal shares, the gift is to them as individuals, and this is true even though the named individuals do in fact constitute a class and are described as a class. *Hobbs* v. *Chesley,* 251 Mass. 155, 157. *Fitts* v. *Powell,* 307 Mass. 449, 453, 454, and cases cited. But this rule is one of construction, not a positive rule of law, and hence must, when required, bow to the cardinal rule for the construction of wills, namely, that the intention of the testator is to be ascertained from the whole instrument, attributing due weight to all its language, considered in the light of the circumstances known to him at the time of its execution and, when so ascertained, that it be given effect unless some positive rule of law forbids. *Ware* v. *Minot,* 202 Mass. 512, 516. *State Street Trust Co.* v. *White,* 305 Mass. 547, 551. *New England Trust Co.* v. *Berry,* 310 Mass. 35, 39, and cases cited." *Old Colony Trust Co.* v. *Treadwell,* 312 Mass. 214, 217.

We must, then, ascertain the intention of the testator. Our examination of the will, giving due weight to all its language and considering all the circumstances known to the testator at the time of its execution, leads us to the conclusion that the probate judge was correct. *Ware* v. *Minot, supra,* at 516. *State Street Trust Co.* v. *White, supra,* at 551. *Fitts* v. *Powell, supra,* at 454.

In the construction of wills the test of the existence of a class is not whether the persons named form, in fact, a class by objective definition, but whether, subjectively, the testator considered them as such. *Fitts* v. *Powell, supra,* at 455. For several reasons, it is clear to us that Michael Flaherty considered the Noonans as a class. The three had been living together since 1942, with each of the Noonans

helping the testator with his daily chores. In effect, they were living together as a family unit of three. Catherine kept house while Raymond helped the testator with other activities. That the testator thought of them as a class rather than as individuals can be supported by the words of the bequest itself. Clause First of the will provides for the gift to Catherine and Raymond without including any direction for a division of the assets between them. This appears to us as a clear indication that he considered them as a class. *Old Colony Trust Co.* v. *Treadwell, supra,* at 217.

Reading Clause Third along with Clause First demonstrates the testator's intent that nobody other than Catherine and Raymond should benefit. It is unlikely that the testator desired that if Raymond or Catherine should predecease him, a share should lapse and go by intestacy to the very persons excluded under Clause Third. Further, "[i]t is well settled that a construction of a will resulting in intestacy is not to be adopted unless plainly required; and it is to be presumed that when a will is made the testator intended a disposition of all his property and did not intend to leave an intestate estate." *Id.* at 216, and cases cited.

In the foregoing circumstances we are of the opinion that it was the intention of the testator to benefit Catherine and Raymond Noonan as a class, and therefore that all of the property under Clause First should be distributed solely to Raymond A. Noonan, as the survivor of the class.

*Decree affirmed.*

*Costs and expenses are to be in the discretion of the Probate Court.*