FREDERICK FISHMAN, executor, *vs.* KENNETH FISHMAN
& others.

Norfolk.   May 15, 1974. — June 7, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Devise and Legacy,* Residuary clause.

Viewing a will as a whole, it was the intention of the testatrix that
the residuary clause, although placed between provisions applica-
ble upon the deaths of the testatrix and her husband as a result
of a common disaster, should operate independently of such other
provisions and become effective in the event; which occurred, that
they did not die as a result of a common disaster.   [349-350]

PETITION filed in the Probate Court for the county of
Norfolk on June 19, 1972, for allowance of an executor's
account.

The case was heard by *Ford,* J.

*Francis X. Olivieri,* for the respondents, submitted a
brief.

*Benjamin A. Stein* for the petitioner.

KEVILLE, J.   William Vinick and Rose Fishman Vinick,
husband and wife, executed a joint will in 1954.   Rose
died in 1969, William a year earlier.   The instrument
was admitted to probate as Rose's will.   Her brother
Frederick Fishman (Frederick), who is residuary legatee

under the will, was appointed executor. Some of Rose's next of kin, who would share in the disposition of her estate were it to pass by intestacy, have appealed from the allowance of the executor's first and final account showing disposition of the estate to Frederick as residuary legatee.

Among the dispositive provisions of the will, a clause appointing Frederick executor without surety on his bond and designating him sole residuary legatee is bracketed between provisions applicable in the event that William and Rose should die as a result of a common disaster, an event which did not materialize. Based upon the configuration of the residuary clause in relation to the provisions pertaining to a common disaster, the respondent next of kin deduce that it was Rose's intention that the provisions of the residuary clause would become operative only upon the occurrence of a common disaster. We disagree.

The rule is fundamental that the intention of the testator must be ascertained from the whole instrument, attributing due weight to all its language considered in the light of the circumstances known to him, and effect must be given to that intent unless some positive rule of law forbids. *Fitts* v. *Powell,* 307 Mass. 449, 454 (1940). *Wheeler* v. *Kennard,* 344 Mass. 466, 469 (1962). Viewing the instrument as a whole, we discern as Rose's intention that the provision for the disposition of the residue should be operative independently of the conditions expressed in the event of a common disaster.

It is obvious that the draftmanship of the will is a product of an intelligent but inexpert hand. Nonetheless, its meaning is not ambiguous. The fact that the residuary clause appears in an odd position within the instrument is immaterial where the testatrix's intention is otherwise clear. "[I]t is familiar law that the grammatical construction, or the order of particular sentences, is never allowed to defeat the general intention of the testator, as clearly manifested by all the provisions of the will

taken as a whole." *Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 376-377 (1880). *Miller* v. *Parish of the Epiphany, Winchester*, 302 Mass. 323, 326 (1939). Furthermore, it is to be presumed that Rose intended to dispose of all her property under the will and did not intend to leave an intestate estate. *Old Colony Trust Co.* v. *Treadwell*, 312 Mass. 214, 216 (1942). *Balcom* v. *Balcom*, 333 Mass. 599, 601 (1956).

*Decree affirmed.*