Cape Cod Bank & Trust Co. *v.* Cape Cod Hospital.

CAPE COD BANK AND TRUST COMPANY, administrator,
*vs.* CAPE COD HOSPITAL & others.

Barnstable.    March 10, 1975. — May 20, 1975.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Devise and Legacy,* Lapse, Construction against intestacy, Residue
    clause.   *Words,* "Beneficiary."

Under a will bequeathing specific amounts to each of six organizations
    and three individuals and bequeathing the residue of the estate in
    equal shares to the "beneficiaries" enumerated in the aforementioned
    provision, one of the three named individuals, who predeceased the
    testatrix, was not a "beneficiary" within the meaning of the residu-
    ary clause, and the one-ninth share of the residue which would
    otherwise have gone to the deceased legatee therefore did not lapse
    but was to be distributed in equal shares to the eight surviving
    legatees.  [280-283]

PETITION in equity filed in the Probate Court for the
county of Barnstable on July 24, 1973.

The case was heard by *McLellan,* J.

*Daniel J. Fern* for the Cape Cod Hospital & others.

*Paul B. Sargent* for Virginia Barcus.

ARMSTRONG, J.   This is a petition for instructions
brought by the administrator with will annexed of the
estate of one Neila V. B. Lyon for a determination as to
how the residue of her estate should be distributed. Three
of the beneficiaries named in the residuary clause of the
will appeal from a decree which determined that a one-
ninth share of the residue had lapsed and ordered that that
share be distributed as intestate property to the sole heir
of the testatrix.

The critical provisions of the will are subparagraphs B
and C of paragraph third. Subparagraph B consists of a
series of pecuniary legacies to six organizations (apparently
all charitable) and three individuals (apparently not rela-

tives of the testatrix). Subparagraph C, insofar as material, provides: "I give, bequeath and devise all the rest, residue and remainder of my estate ... in equal shares, share and share alike, to the beneficiaries enumerated in sub-paragraph B above." One of the three individuals named in subparagraph B predeceased the testatrix; her legacy under that subparagraph lapsed, *Sutherland* v. *Flaherty*, 1 Mass. App. Ct. 388, 389-390 (1973), and the amount thereof passed into the residue of the estate. *Wheeler* v. *Kennard*, 344 Mass. 466, 469-470 (1962). The question before us is whether the one-ninth share of the residue (as thus augmented) which would otherwise have gone to that individual became intestate property (as ruled by the probate judge) or is to be divided among the eight surviving legatees named in subparagraph B (as contended by the appellants).

It is well settled that when a bequest of the residue fails, the property passes by intestacy. *New England Merchants Natl. Bank* v. *Mason*, 350 Mass. 265, 268 (1966). *Bray* v. *Bray*, 359 Mass. 439, 441 (1971), and cases cited. It is also well settled that if a legacy is given to a group of people as a class, rather than as individuals, the death of one of the members of the class will not cause his share of the legacy to lapse; rather, it will pass to the survivors. *Sutherland* v. *Flaherty, supra*, at 390-391. We do not reach the question whether subparagraph C contemplates a gift to a class or to individuals, however, as we are of the opinion that the deceased individual named in subparagraph B is not one of the "beneficiaries" enumerated therein for purposes of subparagraph C.

While the word "beneficiaries" is doubtless sometimes used to denote all persons named in a will as prospective legatees and devisees, whether or not they survive the testator, such a definition is both imprecise and contrary to common usage. A "beneficiary," in the natural and ordinary sense of the term, is someone who actually "receives something under the will." *Gruver* v. *Wood*, 174 Mass. 540, 541 (1899). See *Butterworth* v. *Commissioner of Internal*

*Revenue,* 63 F. 2d 944, 948 (3d Cir. 1933), affd. sub nom. *Helvering* v. *Butterworth,* 290 U. S. 365, 369-370 (1933); Webster's Third New Intl. Dictionary, p. 203 (1971). There being nothing in the will to suggest an intention to use the word "beneficiaries" in a different sense, we conclude that it is to be given its ordinary meaning here. See *Longy Sch. of Music, Inc.* v. *Pickman,* 344 Mass. 511, 513 (1962), and cases cited.

That conclusion is supported, if not required, by the general rule that a will speaks as of the date of the testator's death and refers to the state of things then existing. *Galloupe* v. *Blake,* 248 Mass. 196, 200 (1924). *Smith* v. *Livermore,* 298 Mass. 223, 232-233 (1937). *New England Trust Co.* v. *Faxon,* 343 Mass. 273, 282 (1961). Newhall, Settlement of Estates, § 361 at 471 (4th ed. 1958). Page, Wills, § 30.26 at 161-163 (Bowe-Parker Rev. 1961). "[A] testamentary disposition . . . remains ambulatory until the death of the one who makes it." *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 470 (1944). Where such a disposition fails, as did one of the legacies in subparagraph B of the will under consideration, the remainder of the will must be interpreted as if it contained no such disposition. See *Boynton* v. *Boynton,* 266 Mass. 454, 458 (1929). *Smith* v. *Livermore, supra,* at 228. The putative legatee who predeceased the testatrix did not and cannot receive anything under subparagraph B. Just as she could not have been a "beneficiary" of any trust which might have been created under that subparagraph (Restatement 2d: Trusts, § 112, comment f [1959]; Scott, Trusts, § 112.3 [3d ed. 1967]), she cannot in any meaningful sense be regarded as a "beneficiary" of any of the outright legacies conferred thereunder.

Even if the word "beneficiaries" in subparagraph C be regarded as an ambiguous one, any such ambiguity is to be resolved, if possible, so as to avoid a partial intestacy. *Loring* v. *Clapp,* 337 Mass. 53, 59 (1958). *Fiduciary Trust Co.* v. *State St. Bank & Trust Co.* 360 Mass. 652, 656 (1971). *Sutherland* v. *Flaherty,* 1 Mass. App. Ct. at 391. *Fishman* v. *Fishman,* 2 Mass. App. Ct. 348, 350 (1974), and

cases cited. Moreover, the very inclusion of a true residuary provision — and subparagraph C is such a provision ("I give, bequeath and devise *all* the rest, residue and remainder" [emphasis supplied]) — "discloses a purpose to include in it all estate not disposed of by the other clauses of the will." *Smith* v. *Haynes,* 202 Mass. 531, 533 (1909).

In thus focusing on the word "beneficiaries" we are mindful that we may be giving more weight to the choice of that word than was intended by the testatrix or her scrivener. But we have before us no evidence of her intention other than the words used. Furthermore, the will appears to have been drawn by an experienced member of the bar, and we believe it permissible to assume some degree of sophistication on his part in the use of legal terms. We also note that the only case construing a will of this type which we have been able to discover held that an intended legatee who predeceased the testator was not a "beneficiary" within the meaning of a residuary provision strikingly similar to the one in the present case. *Matter of Jones,* 75 Misc. (N. Y.) 47 (Surr. Ct. 1911), affd. sub nom. *Jones* v. *Dow,* 151 App. Div. (N. Y.) 922 (1912).

Our conclusion is reinforced by another provision of the will not previously referred to and not present in the *Jones* case, *supra.* The clause naming the individual who predeceased the testator in subparagraph B contains the following proviso: "[H]owever, if she shall predecease me, said bequest shall go into the rest, residue and remainder of my estate, and shall be distributed as hereinafter provided." That, of course, is precisely what would have happened to the lapsed legacy in the absence of such a proviso. *Wheeler* v. *Kennard,* 344 Mass. at 469-470. Yet "[i]t is a canon of construction that every word and phrase of an instrument is if possible to be given meaning, and none is to be rejected as surplusage if any other course is rationally possible." *National Shawmut Bank* v. *Joy,* 315 Mass. at 466. *Loring* v. *Cotter,* 339 Mass. 689, 691 (1959). We must therefore make every reasonable effort to read the proviso as something more than "a useless declaration of the law." *National*

*Shawmut Bank* v. *Joy, supra.* In doing so we must consider the proviso in the context of the will as a whole, including the residuary provision of subparagraph C, to the end that we may ascertain and give effect to the intention of the testatrix. *Putnam* v. *Putnam,* 366 Mass. 261, 266 (1974), and cases cited. *Sutherland* v. *Flaherty,* 1 Mass. App. Ct. at 390, and cases cited. *Fishman* v. *Fishman,* 2 Mass. App. Ct. at 349, and cases cited.

Applying those tests to the proviso in subparagraph B and to subparagraph C, we believe their meaning to be this: If the testatrix were predeceased by the intended legatee under subparagraph B, that individual would no longer be deemed a legatee or "beneficiary" under that subparagraph and hence no longer a residuary legatee for purposes of subparagraph C. So interpreted, the proviso in subparagraph B is a meaningful statement of intention and provides a logical step in a coherent testamentary scheme. Otherwise, the proviso would serve no purpose other than to acquaint the reader with the fact that the testatrix, contemplating the possibility of her being predeceased by an intended legatee, desired to prevent a partial intestacy by reason thereof under one provision of her will, but did not choose to do so under another. That result would not, perhaps, indicate "[s]uch vacuity of mind [as] cannot be attributed to the testat[rix] unless there is no escape from it" (*Lamb* v. *Jordan,* 233 Mass. 335, 339 [1919]), but would reflect a testamentary scheme somewhat bizarre and purposeless, and should be avoided if there is a more rational result warranted by the language of the will.

The fact that only three of the eight residuary beneficiaries appealed does not preclude our ordering the entry of a decree in favor of all eight. "[W]e have before us everything which was before the probate judge and must enter the proper decree required by the record even if this involves dealing with interests of persons not appellants." *Old Colony Trust Co.* v. *Tufts,* 341 Mass. 280, 285 (1960), and cases cited.

The final decree is reversed. A new final decree is to be

entered ordering the residue to be distributed in equal shares among the eight surviving legatees named in subparagraph B of paragraph third of the will. Costs and expenses are to be in the discretion of the Probate Court.

*So ordered.*