RAYMOND H. YOUNG, trustee, *vs.* DOROTHY CONGER DEMPSEY & another. May 26, 1977. The probate judge correctly ruled that nothing passed to the testator's widow under Article First of his will. By the express terms of that article, it applied only to so much of his estate "as is necessary ... to entitle her to the maximum credit available as a marital deduction" for Federal estate tax purposes. See 26 U.S.C. 2056 (1958). Because the value of the testator's gross estate was far less than $60,000 and therefore fully exempt from the estate tax in any

Rescript Opinions.

event (see 26 U.S.C. 2052 [1958] [repealed 1976]), there was nothing
from which any of the statutory deductions, marital or otherwise, could
have been made. Hence, the "maximum credit available" and the
amount "necessary" to permit such a credit were nonexistent. We are
not persuaded by the appellant's arguments that the words used by
the testator in Article First were intended by him to be given other
than what we regard as their plain meaning. See *Longy Sch. of Music,
Inc.* v. *Pickman,* 344 Mass. 511, 513 (1962), and cases cited; *Cape Cod
Bank & Trust Co.* v. *Cape Cod Hosp.* 3 Mass. App. Ct. 279, 281
(1975). On the contrary, our reading of the will as a whole convinces
us that the result arrived at by the judge was exactly what the testator
intended. The language of the article itself bespeaks a readily identi-
fiable intention to minimize the estate tax, and should be interpreted
in light of that intention. *Putnam* v. *Putnam,* 366 Mass. 261 (1974).
Subsequent provisions of the will provide strong evidence that such tax
minimization was the testator's *only* purpose in including the marital
deduction gift, and Article First must be considered in the context of
those provisions. *Cape Cod Bank & Trust Co.* v. *Cape Cod Hosp.* 3
Mass. App. Ct. at 282-283, and cases cited. We refer in particular to
Article Second, whereby the testator placed the residue of his estate
in trust, with the widow as sole trustee and sole beneficiary for her
life, during which she was given "as much of the use, income and/or
principal, as she in her sole judgment and discretion may see fit, with-
out being accountable [therefor] to any person or court" — which, in
the mind of the testator at least, was virtually equivalent to the out-
right gift contemplated by him in Article First, and rendered that ar-
ticle superfluous except for its potential tax consequences. Articles
Fourth, Sixth and Seventh, moreover, indicate that the testator's pri-
mary objective, after making generous provision for his widow during
her lifetime, was that his two children (and their respective issue, if
any) share equally in his estate — an objective which would be wholly
frustrated if we were to adopt the appellant's contention.

*Judgment affirmed.*

The case was submitted on briefs.
*Arthur I. Reade, Jr., & Brian J. McMenimen* for Thomas Wilson
Dunn.
*Richard H. Nolan* for Dorothy Conger Dempsey.
*Raymond H. Young,* trustee, pro se.

