STATE STREET TRUST COMPANY, administrator, *vs.* BENJAMIN S. WHITE & others.

Suffolk.     February 6, 1940. — March 28, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Devise and Legacy,* Lapsed legacy, Identity of beneficiary.

Provisions of the will of a wife leaving all her property to "my said husband," naming him, appointing "my said husband" executor, explaining the absence of provision for children "because I am sure that they will otherwise be amply provided for," and making no mention of the fact that she and her husband were cousins, considered in connection with the facts that the husband made a coördinating will two days later referring to her only as "my wife," and that she had issue both by him and by a former marriage, required a conclusion that the bequest was to her husband as such and not to him as her cousin and that it lapsed upon his death before her; "a different disposition" was "required by the will" within G. L. (Ter. Ed.) c. 191, § 22, than that the bequest should be distributed to his issue, to the exclusion of her issue by her former marriage, on the ground that as a cousin he was her "relation."

PETITION, filed in the Probate Court for the county of Suffolk on March 11, 1939, for instructions.

The case was heard by *Mahoney*, J.

*R. Donovan*, stated the case.

*W. G. Reed*, (*P. S. Ratzkoff* with him,) for the respondent White.

*W. D. Lambert*, for the respondent Jane Drisko.

*F. B. Turner*, (*R. W. Hardy* with him,) for the respondent Paul H. Drisko.

DOLAN, J. This is a petition in equity in which the administrator with the will annexed of the estate of Martha H. Drisko, late of Boston, deceased, seeks instructions as to the distribution of her estate.

The evidence is reported, and at the request of the appellant respondents the judge made a report of the material facts found by him which are in substance as follows: The testatrix died on December 20, 1937. The pertinent provisions of her will, which is dated November 20, 1913, follow: "KNOW ALL MEN BY THESE PRESENTS That I, Martha H. Drisko wife of Fred M. Drisko of Boston in the County of Suffolk in the Commonwealth of Massachusetts hereby publish and declare the following as my last will. FIRST: I desire that all my just debts and funeral expenses shall be paid as soon after my decease as the same can conveniently be done by my executor hereinafter named. SECOND: I give, bequeath and devise all the rest and residue of my property of every name and nature and wheresoever situate unto my said husband, Fred M. Drisko, to have and to hold the same absolutely and in fee simple. I intentionally omit to make and [*sic*] provision for my children, Benjamin S. White, Stanwood Drisko and Paul H. Drisko or their issue, because I am sure that they will otherwise be amply provided for. THIRD: I hereby constitute and appoint my said husband to be the executor of this will, and I request the Court to which the same may be presented for probate not to require of him any surety or sureties on his official bond. . . ." On the same day her husband (Drisko) executed his will the material terms of which are these: "KNOW ALL MEN BY THESE PRESENTS That I. FRED M. DRISKO of Boston

in the County of Suffolk in the Commonwealth of Massachusetts hereby publish and declare the following as my last will. FIRST: I desire that all my just debts and funeral expenses shall be paid as soon after my decease as the same can conveniently be done by my executrix hereinafter named. SECOND: I give, bequeath and devise all the rest and residue of my property of every name and nature and wheresoever situate unto my wife, Martha H. Drisko, to have and to hold the same absolutely and in fee simple. I intentionally omit to make any provision for our own child, Paul H. Drisko, or for our adopted child, Stanwood Drisko or their issue, because I am sure that they will otherwise be amply provided for. THIRD: I hereby constitute and appoint my said wife to be the executrix of this will, and I request the Court to which the same may be presented for probate not to require of her any surety or sureties on her official bond. . . ." The witnesses to each of these instruments appear to have been the same persons. (Although the judge found that both wills were executed on the same day, the copies included in the record indicate that the will of the testatrix was executed on November 20, 1913, and that of Drisko on November 22, 1913.)

The testatrix was married to James W. White in Boston on October 24, 1883. Two children were born of this marriage: Benjamin S. White on April 3, 1887, and Robert Stanwood White on August 9, 1890. The testatrix and her husband (White) lived together in Boston until 1892, when the testatrix left him and went with the children to her father's home in Malden. She never lived thereafter with White. Shortly after she left White "by agreement" the son Benjamin was taken by his father and lived with him "for years." On November 24, 1895, the testatrix filed a libel for divorce in "the Superior Court for Suffolk County." No action was taken on this libel and it was dismissed on October 10, 1899.

In 1897 the testatrix "removed" to North Dakota, "residing there for over ninety days, the statutory time required for residence for qualifying as eligible to petition for divorce." On July 15, 1897, she filed a libel for divorce in

that jurisdiction and obtained "a decree for absolute divorce" on August 3, 1897. Under the terms of the decree the custody of the son Robert was awarded "to the mother" and that of the son Benjamin "to the father."

The testatrix returned to Boston and on September 15, 1897, was married to Fred M. Drisko, "a cousin." One child, the respondent Paul H. Drisko, was born of this marriage on August 3, 1901. On May 25, 1911, Drisko and the testatrix adopted the latter's son Robert, and his name was changed to Stanwood Drisko. White, the former husband of the testatrix, died intestate on January 4, 1914, being then domiciled in Somerville in this Commonwealth. The record discloses that his estate was of the value of $380.90. The testatrix and Drisko lived together in Boston as husband and wife from the time of their marriage in 1897 until the death of Drisko on August 25, 1934. On December 20, 1937, the testatrix died, leaving as her heirs at law her sons, Benjamin S. White and Paul H. Drisko, and her grandchild Jane Drisko, who was the daughter of the testatrix's son Stanwood Drisko (formerly White).

The judge found that the divorce obtained by the testatrix from White was valid, and that her marriage to Drisko was valid. The ultimate conclusions of the judge are as follows: "I find that the residuary clause in said will of Martha H. Drisko did not lapse by reason of Fred M. Drisko predeceasing Martha H. Drisko. I find that Paul H. Drisko is the sole heir of Fred M. Drisko, and is entitled to the entire estate under the will of Martha H. Drisko." The judge entered a decree ordering that the petitioner "pay over and distribute all of the assets and estate remaining after payment of proper charges to the respondent, Paul H. Drisko, exclusively." We interpret the ultimate conclusion of the judge before set forth to mean that he ruled that, since Fred M. Drisko, the sole devisee and legatee under the will of the testatrix, was her cousin as well as her husband and since he died before the testatrix leaving issue who survived her, the devise and legacy to him did not lapse but that his son Paul by the testatrix

was entitled to take the estate devised by the testatrix to her husband, his father.    (See G. L. [Ter. Ed.] c. 191, § 22.)

The evidence in the case was mainly addressed to the questions whether the divorce and remarriage of the testatrix were valid.    For the purposes of the case we assume without deciding that the findings of the judge that the divorce of the testatrix from her former husband and her marriage to Drisko were valid are not plainly wrong.    We therefore confine ourselves to the consideration of whether the provisions of G. L. (Ter. Ed.) c. 191, § 22, are applicable in the circumstances disclosed by the evidence and found by the judge.

G. L. (Ter. Ed.) c. 191, § 22, provides as follows: "If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator."

It is established that husband and wife are not relations within the meaning of this section.    *Esty* v. *Clark*, 101 Mass. 36, 38, 39.    *Curley* v. *Lynch*, 206 Mass. 289, 292, and cases cited.    It is also settled that a cousin is a relation within the meaning of § 22.    *Union Trust Co. of Springfield* v. *Bingham*, 273 Mass. 287, 288, and cases cited. *Dexter* v. *Dexter*, 283 Mass. 327, 330.

It is to be observed, however, that the provisions of § 22 are not applicable where "a different disposition is made or required by the will."    The requirements of the will are to be ascertained under familiar principles, to the effect that the intent of the testatrix is to be ascertained from the whole instrument giving due weight to all its language; that it is permissible to look at all the material circumstances in the light of which the will was executed in order to comprehend the sense and purpose of the language employed, and that the intent when thus ascertained must be given effect unless prevented by some positive rule of law.    *Ware* v. *Minot*, 202 Mass. 512, 516.    We must therefore "look at the intention of the testatrix, and when that

is ascertained, we are then to consider what is the bearing of the statute on the devise [and bequest]." *Paine* v. *Prentiss*, 5 Met. 396, 399.

An examination of the will of the testatrix discloses that in its exordium she describes herself, not as the cousin, but as the "wife of Fred M. Drisko." In its second clause the bequest and devise of the residue of the estate of the testatrix is not to her cousin, but to her "said husband" Fred M. Drisko. In its third clause the testatrix appoints as executor her "said husband." There is no reference in the will to the "husband" of the testatrix except as such. We think that under its terms whereby the residue of the estate was bequeathed and devised to "my said husband, Fred M. Drisko" those words were not merely intended as a designation of the person to take but were intended to be descriptive of the capacity, the status in which it was the intention of the testatrix that her husband should take. It is not reasonable to suppose that the testatrix intended that her bequest and devise to her husband, did he predecease her, be construed to be one to him as a cousin with the result that his one child by her should upon her death take her entire estate to the exclusion of her other son, and the daughter of her deceased son, who was also the adopted son of the testatrix and Drisko.

That the testatrix and her husband (Drisko) were dealing with each other in their wills as husband and wife and not as cousins is borne out by the fact that within two days after the testatrix made her will in favor of her husband the latter made a similar will in her favor. The bequest and devise contained therein of all the rest and residue of his estate after the payment of his just debts and funeral expenses is to his "wife, Martha H. Drisko." It is his "said wife" whom he nominates as his executor. Just as the testatrix intentionally omitted her children Benjamin S. White, Stanwood Drisko (born White) and Paul H. Drisko or their issue because "sure that they will otherwise be amply provided for," so the husband Drisko in his will intentionally omitted to provide for "our own child, Paul H. Drisko, or for our adopted child, Stanwood

Drisko or their issue" because he was "sure that they will otherwise be amply provided for."

Manifestly the language of each of these instruments is couched not in terms of any relations of cousinship existing between the testatrix and her husband, but in terms applicable only to the status of marriage existing between them. It seems clear that each believed that the survivor would provide adequately for the issue of each or for those standing in the place of issue. This is not consistent with any intent on the part of the testatrix that in the events that have happened one of her children, by asserting the relationship of his father to the testatrix to be that of cousin, should exclude from participation in her estate her other child Benjamin, and her grandchild Jane, the daughter of her deceased son Stanwood.

A consideration of the will of the testatrix as a whole, read in connection with the material circumstances in the light of which it was executed, leads us to the conclusion that the sense and purpose of the language employed is that the bequest and devise of her estate to her husband was to him as husband, and not to him as a cousin. We are of opinion that the case comes within the exception provided for in G. L. (Ter. Ed.) c. 191, § 22, where "a different disposition is made or required by the will."

It follows that the decree entered in the Probate Court must be reversed and instead thereof a decree be entered instructing the petitioner, after payment of proper charges, to distribute the estate of the testatrix to her sons Benjamin S. White and Paul H. Drisko, and her grandchild, Jane Drisko, in equal shares. Costs and expenses of the proceedings in the Probate Court and of this appeal may be allowed in the discretion of the Probate Court.

*Ordered accordingly.*