Mary Lee FORD, et al., Movants,

v.

Etta (Ella) M. Phillips THOMAS, et al., Respondents.

Supreme Court of Kentucky.

March 30, 1982.

Rehearing Denied June 14, 1982.

Penny Travelsted, Milliken & Milliken, G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for movants.

Charles E. English, English, Lucas, Priest & Owsley, Bowling Green, for respondents.

## OPINION OF THE COURT

The issue we address is whether an estate held through a testamentary devise of certain real property is an unconditional fee simple or a fee subject to an executory limitation.

Etta (Ella) Phillips Thomas, a widow, conveyed fifteen acres of land in Warren County to one of her grandchildren, Victor Grant, and his wife, Beverly. The deed purported to convey the unrestricted fee simple title. Etta had obtained her interest in the property under the will of James Phillips, her father, who died in 1906. The relevant part of the will is as follows:

"4. I give and devise to my wife Amanda M. Phillips, all the lands I may own at death, wheresoever said lands are situated, for and during the term of her natural life and *at her death I give and devise said land to my two adopted children, Cleveland Phillips and Ella M. Phillips.* But said children are to take said lands with this condition and limitation, that if they sell said lands or any part thereof, then the proceeds arising from such sale shall be invested in other lands, bought with the proceeds of the land sold and the purchaser of the lands I devise to said children shall be required to look to the application of the purchase money, as above provided. My object being to secure to said children homes in land and prevent them from ever disposing of said land, or if they do that the proceeds of the lands sold shall be reinvested in other lands.

"5. *If either of said children should die leaving a child or children, it is my will that such child or children shall take what is given the parent.* And if either of them should die without leaving a child or children, then the whole of the property devised to the two children as above shall go to the survivor . . . ." (emphasis added)

The widow, Amanda M. Phillips, survived the testator and died in 1913. The testator's son, Cleveland Phillips, survived his father but died prior to the death of his mother, Amanda, and left no children surviving. The testator's daughter Etta (Ella) had three children, Ruth Grant, Rebecca Proffitt and Virgil Thomas. Ruth Grant and Virgil Thomas are still living, but Rebecca Proffitt is deceased, leaving the movant, Mary Lee Ford, her daughter, as her only heir.

A declaratory judgment action was filed by Mary Lee Ford and her husband, and by Virgil Thomas and his wife, seeking a construction of James Phillips' will. They contend that Etta's two surviving children, Virgil Thomas and Ruth Grant, and Mary Lee Ford (as heir to Etta's deceased daughter, Rebecca Proffitt) each own a one-third

executory interest in the property and that the deed by Etta to her grandson Victor Grant is a nullity.

The trial court held that Etta had the unconditional fee simple title and that her conveyance to Victor Grant was valid. The Court of Appeals affirmed the trial court, holding that Cleveland's interest passed at his death to Etta and that on the death of Amanda, the life tenant, Etta's title became indefeasible. We granted discretionary review.

Certainly the will is inartfully drawn, and we are placed in the position of determining the intent of the testator. When the provisions of paragraphs four and five are stripped of excess verbiage, it appears to us that the devise may be restated in the following manner:

Testator to Amanda, his wife, for life, then to his children, Etta (Ella) and Cleveland, but if either child should die leaving a child or children, such child or children shall inherit what was given to their parent. Moreover, if either Cleveland or Etta should die without leaving a child or children, then the whole of the estate should go to the survivor of Etta or Cleveland.

Under the terms of the will Amanda, the widow, received a life estate. Cleveland and Etta, the children, each received an undivided one-half interest in the remainder subject to defeasance in favor of the other should she or he die without surviving issue. Upon the death of Cleveland without issue during Amanda's life his undivided interest in the remainder passed to Etta.

The will further provides that if either of the children "should die leaving a child or children, it is my will that such child or children shall take what is given the parent." The question is what effect this provision has on Etta's title. Movants argue that it creates an executory interest in Etta's children, which means that her remainder interest is a defeasible fee—that is, a fee that is subject to being cut off and shifted over to her children if any survive her. Hence a final vesting of this interest can not take place until she dies. If she

dies with children surviving, the unconditional fee simple will vest in them. If they predecease her and she has no other children, the unconditional fee simple title will vest in her devisees or heirs at law. Under movant's theory, the deed from Etta to her grandson conveyed the fee simple title subject to defeasance upon her death survived by a child or children.

■ There is an ancient rule of construction, discussed at length in *Harvey v. Bell*, 118 Ky. 512, 81 S.W. 671 (1904), to the effect that when property is devised to one for life with remainder to another, and that when the remainderman dies *without children or issue*, then to another, the words, *dying without children or issue*; are restricted to the death of the remainderman before the termination of the life estate.[1] Whether the same rule of construction applies or should apply to the converse situation in which a will provides that if a remainderman dies *with* surviving issue they shall take the fee, does not appear to have been decided in this jurisdiction. In the interest of early vesting of title we are inclined to agree with counsel for respondents that it should, but only if the will does not otherwise evince a contrary intention. We rule that henceforth, *Harvey* rule # 1 will be so modified and extended. Where a will devises a remainder interest to one, but provides that if that one dies leaving children or issue surviving, then to the surviving children or issue, then that condition is restricted to the death of the devisee before termination of the life estate.

Although our extension of the *Harvey* rule # 1 would support the result of the Court of Appeals and the trial court, we do not decide the case on that basis.

■ Rules of construction yield to an expression of a contrary intent as shown by the four corners of the will. *Gratz v. Hamilton*, Ky., 309 S.W.2d 181 (1958). We must, therefore, examine the will to determine if it contains any indication that the testator desired to give his grandchildren an interest in the property which would vest after the death of the life tenant.

■ In paragraph four, following the gift of the life estate to his widow, the testator states, "at her death I give and devise said land to my two adopted children, Cleveland Phillips and Ella M. Phillips." He then attempts to restrict the gift by directing that the proceeds of any sale of the land shall be reinvested in land.[2] Clearly, he desired that his children have his gift to them in land and that it be kept by them in that form for the duration of their lives. It is equally clear that he intended his grandchildren, if any, to be the ultimate beneficiaries. Obviously, therefore, we cannot sensibly apply a rule of construction that would thwart that purpose. When one considers the language of the will as a whole, there appears a clear and sensible testamentary intent which includes a provision for his grandchildren.

The decision of the Court of Appeals is reversed, and the case is remanded to the trial court with instructions to enter a judgment in conformity with this opinion.

All concur.

---

1. This rule is the generally accepted or better one. See, for example, Restatement of the Law, Property, Section 269 (1940), where it is stated:

> "When property is limited by an otherwise effective conveyance "to B for life (or years), remainder to C and his heirs, but if C dies without issue, then to D," or by other words of similar import, then, unless a contrary

intent of the conveyor is found from additional language or circumstances, the interest of D can become a present interest if, but only if, C dies at or before the time of the termination of the interest of B in accordance with the terms of the limitation and is unsurvived by issue at the time of his death."

2. The question of the possible illegality of this restriction on alienability is not before us.