Thomas B. **SLATTERY** and John P. Slattery, Jr., Appellants,

v.

Betty **KELSCH,** Individually and as Executrix of the Estate of Thomas Bernard Coleman; Mary Jo Gallenstein, Individually and as Executrix of the Estate of Thomas Bernard Coleman; Lillian Greenwell, Individually and as Executrix of the Estate of Thomas Bernard Coleman; Mary Jerome Case, Marjorie Dunn, Dorothy Jenkins, Alma Jones, Nancy Berter, Mildred Deller, Willa Fister, Jeanne Allred, William M. Slattedry, Margaret McPeak, Katherine Wyatt and Jeanne Rapp, Appellees.

Court of Appeals of Kentucky.

July 17, 1987.

Discretionary Review Denied by Supreme Court Sept. 15, 1987.

G. Benjamin Cowgill, Lexington, for appellants.

Willa Fister, Atlanta, Ga., John W. McNeill, William M. Slattery, Maysville, Katherine S. Wyatt, Richmond, Jeanne Allred, Winston Salem, N.C., Douglas L. Greenburg, Harrodsburg, Marilyn C. Jenkins, Fort Thomas, Willa J. Rapp, Campbell, Cal., Marjorie Dunn, Port Charlotte, Fla., Margaret McPeak, Richmond, for appellees.

Before HAYES, REYNOLDS and WILHOIT, JJ.

HAYES, Judge:

This is a will construction dispute in which appellants, Thomas Slattery and John Slattery, Jr., claim an interest in the estate of Thomas B. Coleman, through the

applicability of Kentucky's antilapse statutes, KRS 394.400 and KRS 394.410. Summary judgment was granted against them by judgment entered in Mason Circuit Court on November 7, 1986, and this appeal followed. We affirm.

The facts, undisputed, will be briefly reviewed. The appellants are the only surviving children of John P. Slattery, who was a first cousin of the decedent. The appellees are first cousins of the decedent who were living at the time of decedent's death. The decedent died on January 30, 1985. His will, after making certain specific bequests, provided in Clause V:

> All the rest, residue and remainder of the property which I may own at the time of my death ... I bequeath and devise in fee simple absolute *to my First Cousins living at the time of my death,* said property in equal shares. (Emphasis added).

Appellants filed a motion for partial summary judgment in order to obtain a determination of their interest in the estate under the terms of the will and under the antilapse statutes. The trial court held that the testator's intent was clearly expressed by the words "living at the time of my death," and that, relying on *Murray v. Murray,* Ky., 564 S.W.2d 5 (1978), a clearly expressed testamentary intent was sufficient to constitute a "different disposition" within the meaning of the antilapse statutes.

Appellants argue on appeal that the trial court was in error in not applying the antilapse statutes to provide them an interest in Coleman's estate, by virtue of the share their father would have taken had he been alive. We disagree.

A fundamental axiom recognized universally is that the intent of the testator controls the construction of wills; rules of construction are subordinate thereto. *Ford v. Thomas,* Ky., 633 S.W.2d 58 (1982). 80 Am.Jur.2d *Wills* § 1140 (1975). By ascertaining intent by reference to the "four corners of the will," courts signify that such intent is to be derived from a consideration of the whole instrument rather than merely portions thereof. *Supra,* at

§ 1143, § 1147. In most jurisdictions, the statutes which have been enacted to prevent the lapse of gifts to those persons predeceasing the testator are ineffective if the will indicates a different intent. 96 C.J.S. *Wills* § 1217. It has been held that the will itself must first be construed to determine the testator's intent, and only after such intent is determined may the court consider the applicability of the statute. *State Street Trust Co. v. White,* 305 Mass. 547, 26 N.E.2d 356 (1940). The purpose of the statute is not to restrict the testator's right to select the beneficiaries. 96 C.J.S. *Wills* at § 1218. It is instead designed to carry out the *presumed* intent of the testator, if he had thought of the possibility of a beneficiary predeceasing him. Merritt, *Kentucky Practice, Probate Practice and Procedures,* Vol. 2, § 1726 (1978).

Kentucky's statutory scheme is provided in KRS 394.400 and KRS 394.410. The former provides that if a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done unless a different disposition thereof is made or required by the will. The latter section provides:

> When a devise is made to several as a class or as tenants in common, and one or more of the devisees die before the testator, and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, *unless a different disposition is made by the devisor.* (Emphasis ours).

Appellants perceive as crucial to our decision the holding in *Perkins v. Wilson,* 232 Ky. 83, 22 S.W.2d 416 (1929). The disposition therein was to "surviving brothers and sisters or their heirs," which the court held to include the descendents of predeceased siblings. However, the language employed clearly differs from that used in the instant case, and the court was convinced that the actual intent of the testator was to include

the descendants of brothers or sisters predeceasing himself. Also relied upon is the authority of *Ruff v. Baumback*, 114 Ky. 336, 70 S.W. 828 (1902), where it was held that a devise to the testator's wife for life, then to be equally divided "between my children then living" did not operate to defeat the interest of issue of the children who predeceased the testator. However, the court recognized that the statute had changed the common law meaning of the word "children" to include "grandchildren." *See* KRS 394.410(2). There is no similar statutory provision defining "first cousins" to include children of first cousins. Indeed, it has been consistently held that testamentary gifts to "first cousins" must only include those who are first cousins in the strict and technical sense, namely, the children of an uncle or aunt. 80 Am.Jur.2d *Wills* § 1197 (1975). We do not hold that case as controlling, as it cannot be disputed that the paramount consideration is testamentary intent, and the weight of authority evidenced by cases from other jurisdictions would hold the language employed by the deceased to sufficiently evidence his intent to include only those first cousins surviving at his death.

In *In Re Estate of Kerr*, 433 F.2d 479, 481 (DC Cir.1970), a similar antilapse statute was considered in light of a testamentary disposition to two named individuals "if they both be living at the time of my demise...." The court held that the antilapse statute furnishes but a rule of construction to pilot interpretation where the will indicates little or nothing on lapse.

> Where, on the other hand, the will reflects a countervailing intention with reasonable clarity, the statute does not save the gift from lapse.

> Such an intention is manifested, and plainly so, where the will articulates the gift in words effectively conditioning its efficacy upon the beneficiary's survival of the testator. (Footnote omitted). If, in such a situation, the beneficiary predeceases the testator, the statutory bar to lapse and the concomitant substitution of issue in the beneficiary's stead are at war with the testator's purpose that the gift shall take effect only in the event

that the beneficiary outlives the benefactor. Not at all surprisingly, then, the cases teach that antilapse legislation has no application to gifts limited to vest upon the beneficiary's survival of the testator and not otherwise. (Footnote omitted).

It matters not whether the gift is to a single person or to multiple beneficiaries, or whether there is or, as in the instant case, is not a limitation over to another in the event the primary beneficiary predeceases the testator. Testamentary intent governs construction of the survivorship language, *supra.* The same is true of class gifts. Annot., 56 A.L.R.2d 948 (1957); Annot., 63 A.L.R.2d 1172 (1959); *Re Estate of Leuer*, 84 Misc.2d. 1087, 378 N.Y.2d 612 (1976). (Statute, being contrary to testator's intent, inapplicable where disposition is to brothers and sisters "living at the time of my death"); *Day v. Brooks*, 39 Ohio Op. 411, 224 N.E.2d 557 (1967). (Disposition to brothers "living at the time of my decease" clearly showed intent to prevent operation of statute).

In ascertaining the descendent's intent, it is also significant to note that in all of his specific bequests to named individuals, he expressly directed that the bequests take effect "if she [he] be living at my death." Furthermore, at the hearing on the motion for summary judgment, appellants' attorney conceded for purposes of the motion that it was the testator's intent to leave the residue to only the surviving members of the class. He then argued that such a disposition violates the public policy underlying the statutes, and therefore runs contrary to law. We disagree. We do not perceive that a testamentary disposition only to surviving members of a class of relatives portends to violate public policy.

Accordingly, the judgment entered November 7, 1986 in Mason Circuit Court is affirmed.

Further, pursuant to 2.(a) of the Order designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate

steps, are reinstated effective the date of this opinion.

All concur.