Sharon McGOWAN; Sharon McGowan, Co–Executrix of the Estate of Mildred Bogle Hudson; Amanda Spears, Co–Executrix of the Estate of Mildred Bogle Hudson; Donald Houston Bogle; Melodie Bogle Spears; Glenn A. Bogle; David Tyree; Terry Sullivan; Charles L. Eckstein; Sherry Sullivan Ramey; and Norma Lou Eckstein Dwyer, Appellants,

v.

Earl BOGLE; Tommy L. Bogle; James R. Bogle; Glenn R. Bogle; Mildred Sue North; Melva June Pointer; Roselyn Bishop; Kenneth George Young; Parker Wayne Bogle; Anthony Eads, Jr.; Michael Thomas Eads; Martina Eads; Robert Eads; Barbara Eads Welbers; Dorothy C. Lacey; and Mickie Young Pazienza, Appellees.

No. 2010–CA–000118–MR.

Court of Appeals of Kentucky.

Feb. 4, 2011.

---

Amanda Spears, Pro Se, Somerset, KY, for appellants.

D. Bruce Orwin, Somerset, KY, for appellee.

Before CAPERTON and THOMPSON, Judges; ISAAC,[1] Senior Judge.

## OPINION

THOMPSON, Judge:

This is a will construction dispute in which the sole question is whether the anti-lapse statutes require that the children of the predeceased beneficiaries inherit under the will. The Pulaski Circuit Court found that that the anti-lapse statutes were not applicable because the will unambiguously expressed the intention that the beneficiaries survive the testator in order to inherit under the will. We agree and affirm.

The facts are undisputed and brief. On August 9, 2006, testator, Mildred Bogle Hudson, executed a will. Item II of the will states:

---

1. Senior Judge Sheila Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

I direct that my Executrix shall cause my entire estate both real, personal or mixed to liquidate and after payment of all charges against my estate as set forth above or otherwise legally chargeable to my estate, the residue of the proceeds shall be distributed equally among my living brothers and sister who survive me. Those living at the present time are Corine Bogle Tyree of Atlanta, Georgia, Al Jerry Bogle of Somerset, Kentucky, and Huston Bogle of Somerset, Kentucky.

When Mildred executed her will, seven of her siblings were deceased. At the time of Mildred's death in May 2009, the three remaining siblings designated as beneficiaries were also deceased.

The appellees are the children or grandchildren of the seven siblings who were deceased in 2006 when Mildred executed her will. The appellants are children of Huston Bogle, Al Jerry Bogle, and Corine Bogle Tyree and a granddaughter of Al Jerry Bogle.

The appellees filed an action in the Pulaski Circuit Court asserting that because the three named beneficiaries in the will predeceased Mildred, the bequeaths lapsed and the estate must pass under the Kentucky law of descent and distribution. The appellants countered that KRS 394.400 and KRS 394.410, the anti-lapse statutes, prevented lapse of the bequeath to the deceased siblings and the entire estate passed to them as the descendants of the three designated siblings alive when the will was executed.

Both parties moved for summary judgment. The circuit court found that the anti-lapse statutes did not apply because Mildred expressly intended that only the siblings that survived her inherit under the will.

■ We review a summary judgment *de novo* and will affirm the granting of a summary judgment only when it appears impossible for the non-movant to prove facts establishing a right to relief. *Steelvest, Inc. v. Scansteel.Service Center, Inc.,* 807 S.W.2d 476 (Ky.1991). In this case, the question presented is one of statutory interpretation.

Prior to the enactment of anti-lapse statutes, when a named beneficiary under a will predeceased the testator, the share of the deceased beneficiary "lapsed" and generally passed according to the residuary clause, if it existed, or the laws of intestacy. *Blevins v. Moran,* 12 S.W.3d 698 (Ky. App.2000). Because the common law result was frequently not in conformity with the testator's intent, States, including Kentucky, enacted anti-lapse statutes. Kentucky's anti-lapse statutes are KRS 394.400 and KRS 394.410.

KRS 394.400 provides:

If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.

KRS 394.410, which governs a devise that is made to several persons as a class and reiterates the provision of KRS 394.400, provides:

(1) When a devise is made to several as a class or as tenants in common, and one (1) or more of the devisees die before the testator, and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor.

(2) A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise.

(3) If a devise is made to several as joint tenants with right of survivorship and one (1) or more of the devisees dies before the testator and another or others survive the testator, the share or shares of such as so die shall go to such as so survive. Provided, however, in the event of the death of all the joint tenants before the death of the testator, the order of death of the joint tenants shall not affect the devolution of the property and, in this case, devolution shall be governed by subsection (1) hereof, as if the devise had been made to the deceased devisees as tenants in common.

■■■■ Pursuant to the anti-lapse statutes, where a will beneficiary predeceases the testator and leaves issue who survives the testator, the statutes create "a rebuttable presumption that the surviving issue was meant to be substituted in the will for its ancestor." *Blevins,* 12 S.W.3d at 702. However, the statutes are not without a caveat: The presumption applies "unless a different disposition is made by the devisor." KRS 394.400 and KRS 394.410. It is not the purpose of the anti-lapse statutes to restrict the testator's right to select the beneficiary but to "carry out the *presumed* intent of the testator, if he had thought of the possibility of a beneficiary predeceasing him." *Slattery v. Kelsch,* 734 S.W.2d 813, 814 (Ky.App.1987)(emphasis original). "Other rules of construction, including the anti-lapse statute itself, are to be invoked only when the testator's intent is otherwise unclear." *Blevins,* 12 S.W.3d at 701.

*Slattery* involved facts strikingly similar to those now presented. The testator executed a will that contained a residuary clause devising the residue of the estate to "my first cousins living at the time of my death." *Id.* at 814. The children of the testator's deceased first cousin claimed an interest in the estate through the applicability of the anti-lapse statutes. The Court held the anti-lapse statute did not apply. Quoting *In Re Estate of Kerr,* 433 F.2d 479, 481 (D.C.Cir.1970), the Court reasoned:

Where, . . ., the will reflects a countervailing intention with reasonable clarity, the statute does not save the gift from lapse.

Such an intention is manifested, and plainly so, where the will articulates the gift in words effectively conditioning its efficacy upon the beneficiary's survival of the testator. (Footnote omitted). If, in such a situation, the beneficiary predeceases the testator, the statutory bar to lapse and the concomitant substitution of issue in the beneficiary's stead are at war with the testator's purpose that the gift shall take effect only in the event that the beneficiary outlives the benefactor. Not at all surprisingly, then, the cases teach that antilapse legislation has no application to gifts limited to vest upon the beneficiary's survival of the testator and not otherwise. (Footnote omitted).

*Id.* at 815.

■■■■ The words used by the testator in *Slattery* and by Mildred are semantically consistent. Mildred unequivocally conditioned the bequest to "my living brothers and sister who survive me" and listed the brothers and sister living at the time she executed her will. Pursuant to the reasoning in *Slattery,* Mildred clearly expressed her intent that only those siblings who were living at the time of her death inherit under to the will.

Appellants point out that *Slattery* was decided before the 1990 revision of the Uniform Probate Code that expands its

anti-lapse provision and suggests that the language used by Mildred under the current Code is insufficient to express an intent contrary to the anti-lapse statutes. In *Blevins*, the Court emphasized that Kentucky has not adopted the Uniform Probate Code and it is not the controlling authority. *Blevins*, 12 S.W.3d at 702. Thus, we are not persuaded that the revisions to the Code warrant a deviation from the law expressed in *Slattery*. We conclude that the use of language conditioning the gifts on the survival of the beneficiaries at the time of Mildred's death was sufficient to defeat the application of the anti-lapse statutes.

Despite the factual similarities, appellants distinguish *Slattery* where only one of the beneficiaries of the designated class died before the testator. They argue that a different result is compelled where, as here, all the beneficiaries intended to be "joint tenants with rights of survivorship" as used in KRS 394.410(3) die prior to the testator. We agree with the trial court that regardless of distinction, the result is the same. Under KRS 394.410(3), in instances when all joint tenants die prior to the testator, KRS 394.410(1) applies and the bequeath lapses if "a different disposition is made by the devisor." Mildred expressly stated that only her brothers and sister who survived her inherit under the terms of the will, thus, appellants' distinction is inconsequential.

In a further attempt to avoid the result mandated by *Slattery*, appellants argue that *Blevins* impliedly overruled *Slattery*. The *Blevins* opinion emphasized that the anti-lapse statutes create a rebuttable presumption that the surviving issue be substituted in the will for a deceased beneficiary and ultimately held that the testator did not intend to prevent the application of the anti-lapse statutes. However, the issue in *Blevins* substantially differed from the present question.

The testator in *Blevins* made four separate bequeaths to four separate beneficiaries all of whom predeceased the testator. Significantly, the bequeaths to the four deceased beneficiaries did not contain any language conditioning the gifts upon the survival of the beneficiaries. However, a residual clause provided:

All the rest, residue and remainder of my estate, both real and personal, wherever situated and of whatever nature, kind and description that I own at my death, including legacies and devises, if any, which may lapse or fail for any reason, I give, devise and bequeath to my nephews, Donald W. Blevins and Barkley L. Blevins in fee simple in equal shares.

*Id.* at 700.

The Court held that the bequeaths of lapsed gifts to the residuary legatees did not defeat the application of the anti-lapse statutes to the bequeaths to the four beneficiaries who died with issue before the testator. The Court held:

In sum, although in other jurisdictions the result would perhaps be different, we are persuaded that the recital in a will's residuary clause that the residue is to include lapsed and failed gifts is not by itself sufficient evidence of a testator's contrary intent to overcome the strong presumption against lapse provided by KRS 394.400. Such clauses are to be construed, like all other will clauses, in light of the entire document, and are only to be given preclusive effect when such clearly was the testator's intent.

*Id.* at 704.

The *Blevins* holding is not applicable in this case because there was no residuary clause, only bequeaths to the brothers and

sister who survived the testator. Certainly, had Mildred intended to avoid the laws of intestate distribution, she could have included a residuary clause designating her intended beneficiaries, including the appellants. Instead, the will reveals her express intent that only her brothers and sister who survived at the time of her death inherit her estate and, if all were deceased, that the estate pass intestate.

Because Mildred's will expressly and unambiguously stated her intention that her brothers and sister inherit pursuant to its terms only if surviving at the time of her death, the circuit court was not required to admit the extrinsic evidence sought to be introduced by appellants regarding their relationship with Mildred. The general rule is that if a will is unambiguous, no construction is called for, and extrinsic evidence may not be introduced as an aid to construction. *Dils v. Richey*, 431 S.W.2d 497, 498 (Ky.1968).

Based on the foregoing, the judgment of the Pulaski Circuit Court is affirmed.

ALL CONCUR.