LOUISE DIGREGORIO TUCCI *vs.* ANNA DIGREGORIO.

Middlesex. December 9, 1970. — December 30, 1970.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Real Property,* Tenancy in common. *Probate Court,* Appeal.

Upon appeal from the final decree in an equity case in the Probate Court
heard on an "agreed statement of facts" and the documents incor-
porated therein, all of which were treated by the trial judge as a case
stated, this court could decide the case unaffected by his decision or
by a document entitled "Report of Material Facts" filed by him.
[493–494]

Under the short will of a testator who owned a single parcel of real estate
containing a garden and a two family house, the units of which had
separate entrances located on different streets, and a detached two
car garage, a devise of the "two-family house" at one street address
"and a one-car garage" to a niece of the testator, and a devise in the
next paragraph of the "house" at the other street address, "together
with a one-car garage and garden" to another niece of the testator,
were not repugnant devises of the entire parcel the second of which
controlled, but were devises of an interest in the entire parcel to each
of the nieces, and by operation of G. L. c. 184, § 7, created an estate
in common; the final decree in a suit in equity rightly so declared,
but was in error in also declaring that during the continuation of the
tenancy in common each niece should have "the right of occupancy"
of the portion of the parcel indicated for her in the testator's devises.
[496–497]

PETITION IN EQUITY for a declaratory decree filed in the
Probate Court for the county of Middlesex on June 12, 1967.

The case was heard by *Hays, J.*

*John C. Collins* for the petitioner.

*John F. Meskell* for the respondent.

QUIRICO, J. This is a petition in equity brought under
G. L. c. 231A for a declaration of the rights of the parties
to a parcel of real estate devised by the will of their late
uncle Luigi DiGregorio (testator). The case was heard on
an "agreed statement of facts" and documentary evidence
consisting of the will and three photographs of the real

estate, all of which the trial judge treated as a case stated. Thus we have before us everything which was before the trial judge, and we decide the questions of law involved unaffected by his decision. *Fiduciary Trust Co.* v. *First Natl. Bank,* 344 Mass. 1, 4. *Pitman* v. *Pitman,* 314 Mass. 465, 475. *Fiduciary Trust Co.* v. *Mishou,* 321 Mass. 615, 631. *Stamper* v. *Stanwood,* 339 Mass. 549, 551. This standard of review is not altered by the fact that the trial judge filed a document which is entitled "Report of Material Facts" since there was nothing before him other than the statement of agreed facts and the documents incorporated therein. *Rogers* v. *Attorney Gen.* 347 Mass. 126, 130–131.

At his death on December 26, 1964, the testator owned a lot of land containing 8,002 square feet located at the corner of Emerald Street and Hawthorne Street in Newton, Massachusetts. The buildings on the lot were a two family dwelling known as a duplex, and a detached two car garage. Each unit of the duplex consists of two rooms on the first floor and two rooms and bath on the second floor. Each unit has a separate basement and a separate central heating plant. The entry to one unit which is occupied by the petitioner is at 89 Hawthorne Street, and the entry to the other unit which is occupied by the respondent is at 3 Emerald Street. The entry to the garage is from Emerald Street, and there is a garden at the side of the garage.

The testator's will, executed on February 27, 1961, directs that his debts and funeral charges be paid and then provides: "2. The two-family house at 3 Emerald St., Newton, and a one-car garage, I give bequeath and devise to my niece, Anna DiGregorio. 3. The house at 89 Hawthorn St., Newton, I give, bequeath and devise to my niece, Louise (DiGregorio) Tucci, together with a one-car garage and garden." The will then provides for six bequests of $200 each to specified charitable and religious organizations, and concludes with a clause giving the residue of the estate to six named persons.

The persons named as the devisees of the real estate are

the respondent and the petitioner, respectively. Despite the differences in addresses and in other respects, the real estate mentioned in the two devises is the same parcel which includes the duplex numbered 89 Hawthorne Street and 3 Emerald Street, the two car garage, and the lot of 8,002 square feet on which the buildings stand. The petitioner contends that by each of these two devises the testator intended to devise the fee in the entire parcel to the named devisee, that the two devises are repugnant, and that therefore the devise to her which is the latter of the two must be taken as indicating the final determination of the testator and as controlling.

The fact that the devise to the petitioner is the latter of two devises concerning the same real estate is a factor to be considered in construing the will, but it is by no means controlling. The consideration of the latter devise is "a mere aid in construction when nothing better can be found." *Früh* v. *Früh*, 316 Mass. 590, 593. In *Taylor* v. *Albree*, 309 Mass. 248, 258, we said that "the rule that of two repugnant provisions the one appearing later in the will is to be deemed to express the final purpose of the testator . . . is a highly conventional one to which resort should be had only where a scrutiny of the whole will fails to reveal the testator's intent with reasonable certainty." *Poor* v. *Hodge*, 311 Mass. 312, 316.

We must determine the intent of the testator with respect to his single parcel of real estate when he executed the will containing the two separate devises to his nieces. The rule by which we are governed in this determination is aptly stated in *Sewall* v. *Elder*, 279 Mass. 473, 476–477, as follows: "The accepted rule for the interpretation of a will is to ascertain the intent of the maker as gathered from the testamentary language read in the light of the knowledge possessed by him and of the material circumstances attendant upon him at the time, attributing due weight to all the words used, not stressing provisions of doubtful meaning but searching for a general plan from a survey of the whole instrument, presumably designed to express a

consistent and harmonious purpose, and then to give effect
to that intent unless prevented by some rule of law."
*Ware* v. *Minot*, 202 Mass. 512, 516. *Fitts* v. *Powell*,
307 Mass. 449, 454. *Mills* v. *Blakelin*, 307 Mass. 542, 544.
*Poor* v. *Hodge*, 311 Mass. 312, 315. *Frost* v. *Hunter*,
312 Mass. 16, 20.

While the two paragraphs of the will relating to the same
parcel of real estate are obviously lacking in the degree of
clarity which is expected to be found in a will, they are not
repugnant to an extent requiring that either or both para-
graphs be disregarded as a nullity. A reading of the will
in its entirety indicates an intention on the part of the
testator to devise an interest in the real estate to each of
his nieces who are named in the paragraphs in question.
The will shows that the testator was aware of the fact that
each unit of the duplex had a different street address, and
he used one address in the devise to the petitioner and the
other address in the devise to the respondent. The garage
on the lot was a two car garage, and each devisee was
limited to a one car garage. This treatment of the real
estate by the testator negatives any intention to exclude
either of the two nieces as a devisee. There is nothing in
the will to warrant or permit the strained construction
sought by the petitioner to the effect that by one para-
graph the testator intended to devise the property to the
respondent but that by the very next paragraph he in-
tended to nullify the devise to the respondent by devising
the same property to the petitioner alone. We are dealing
with two consecutive paragraphs of about three lines each
in a relatively short will. This does not present the prob-
lem which would be involved in attempting to reconcile
language from two different documents such as a will and
a codicil thereto, executed at different times. See *White* v.
*Massachusetts Inst. of Technology*, 171 Mass. 84.

We hold that it was the intention of the testator by his
will to devise the real estate located at the corner of Emerald
and Hawthorne Streets to his two nieces, the petitioner and
the respondent; and that by the operation of G. L. c. 184,

§ 7, the devise created an estate in common.[1]  See *Presbrey* v. *Presbrey,* 13 Allen 281.  The trial judge reached the same conclusion and he entered a final decree to that effect.  However, the final decree included the following additional language: "the said Louise DiGregorio Tucci to have, while such tenancy in common continues, the right of occupancy of that half of the premises known as 89 Hawthorne Street and of one of the garages and the garden;  the said Anna DiGregorio to have, while such tenancy in common continues, the right of occupancy of that half of the said premises known as 3 Emerald Street, and of one of the garages."  This language giving each of the tenants in common the exclusive right to occupy specific portions of the real estate is inconsistent with the right of each as a tenant in common to the possession and use of the entire property.  If the tenants in common are unable to agree upon occupancy of the common property in accordance with the apparent hopes of the testator, then the division of the real estate between the tenants in common, or the sale of the real estate and the division of the proceeds therefrom can be accomplished more appropriately by proceedings for partition under G. L. c. 241.  Therefore the language which is quoted above is to be omitted from the final decree.  The final decree as thus modified is affirmed.

*So ordered.*

---

[1] General Laws, c. 184, § 7, provides in part: "A conveyance or devise of land to two or more persons or to husband and wife, except a mortgage or a devise or conveyance in trust, shall create an estate in common and not in joint tenancy, unless it is expressed in such conveyance or devise that the grantees or devisees shall take jointly, or as joint tenants, or in joint tenancy, or to them and the survivor of them, or unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy. . . ."