SEYMOUR BLUHM, trustee, *vs.* ALEXIS PERESADA & others. January 19, 1977. 1. There was ample evidence to support the decision of the Probate Court judge that Maria Peresada is entitled to the proceeds of the trust held for her benefit under the will of the testator, John Peresada. Because all the evidence is documentary, we are in as good a position as the probate judge was to decide questions of fact. *Stamper* v. *Stanwood,* 339 Mass. 549, 551 (1959), and cases cited. See *Tucci* v. *DiGregorio,* 358 Mass. 493, 494 (1970). A letter signed by Maria Peresada (a resident of the Soviet Union) was received by one of the banks of deposit prior to the end of the six-month period set in the will for the heirs to demand payment of their inheritances. Several other letters written by Maria Peresada, claiming her share of the inheritance, sufficiently identified her as an heir under the will. 2. The judge erred in declaring that all the proceeds of the trust established in the testator's will for the benefit of Alexis Peresada are the property of the residuary legatees. In the exercise of due diligence the executor could have learned of the death of Alexis Peresada prior to the

time the will required that the testator's heirs be notified of the terms of the trust. Therefore, the letter transmitting notification of the terms of the trust, which was prepared by the executor for the bank of deposit, should have been directed to the heirs of Alexis Peresada, whose existence and identity could have been discovered had the executor made an appropriate inquiry. In the circumstances of this case the mere act of sending a letter to Maria Peresada did not constitute notice reasonably calculated to come to the attention of the heirs of Alexis Peresada. See *Baldwin* v. *Fidelity Phenix Fire Ins. Co.* 260 F. 2d 951, 953-954 (6th Cir. 1958). See also *Mullane* v. *Central Hanover Bank & Trust Co.* 339 U. S. 306, 314 (1950); *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393, 396 (1904). That portion of the judgment declaring that the proceeds of the trust under the will of John Peresada are to be delivered to the attorneys of Maria Peresada is affirmed. The portion of the judgment declaring that the property held in trust for Alexis Peresada and his heirs is to be delivered to the residuary legatees is reversed and the case is remanded to the Probate Court for the entry of a judgment in accordance with this opinion.

*So ordered.*

*David I. Cohen* for Maria Peresada & others.
*Max Volterra* for Wilfred E. Cohen & another.