LoConto, RJ.
Following a bench trial on the plaintiff’s summary process complaint and then entry of judgment in favor of the plaintiff for damages, the defendant commenced this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal.
The record indicates that Edward Fedor (“Edward”) and his brother, Charles Fedor (“Charles”), own as tenants in common real estate located at 228 Northampton Street, Easthampton (“property”). They transferred management of the property to a partnership known as Pioneer Valley Investors (“partnership”) in which each brother was an equal partner. Other property owned by the brothers was also managed by the partnership. Prior to acquiring the property, the brothers owned Fedor Oldsmobile Pontiac, Inc., an automobile dealership (“dealership”). Edward owned twenty-five percent of the dealership, and Charles owned the remaining seventy-five percent. In 1985, they decided to invest several thousand dollars of their own money into the property to house the dealership, and moved the dealership from its previous location. Unfortunately, the brothers did not create a written agreement with respect to the operation of the dealership on the property, nor did they enter into a written lease. It was agreed that Charles would handle the finances of the dealership because he was a certified public accountant.
Beginning in 1988, the dealership made payments to the partnership each year until 2006. The amounts varied from a high of $102,000.00 in 1988, to a low of $60,000.00, paid in 1993 and for years 2003, 2004, and 2005. From these payments, *139 the partnership deducted taxes, insurance costs and other expenses. The net amount was distributed equally to the partners. No payments were made by the dealership to the partnership in 2006. As a result, Edward commenced this summary process action, individually and as a partner of the partnership.
As explained in his memorandum of decision, the trial judge concluded that the payments by the dealership to the partnership constituted rent, and that by “conduct, custom and oral agreement, the original lease term regarding rent was changed to a minimum of $60,000.00 per year.” Further concluding that Edward had abandoned his claim for possession, the judge ordered judgment to be entered for Edward, individually, in the amount of $30,000.00. The dealership filed this appeal.
1. Although initiated as a summary process action seeking possession and unpaid rent, Edward abandoned his possession claim at trial. It may be inferred that Edward was never interested in evicting the dealership, and that his real interest in commencing this action was to compel a payment by the dealership to the partnership for 2006 as had been made in previous years. The dealership never made those prior payments directly to the brothers with respect to the occupancy of the property, since it was agreed that management of the property (and other property owned by the brothers) would be transferred to the partnership. However, ownership of the property remained with the brothers as tenants in common. As such, Charles, as did Edward, had the right as a tenant in common to possession and use of the entire property. Tucci v. DiGregorio, 358 Mass. 493, 497 (1970). Where tenants in common are unable to agree upon occupancy of their property, division of the real estate between the tenants in common, or the sale of the property and the division of the proceeds, can be accomplished more appropriately by proceedings for partition in accordance with G.Lc. 241.[2] Id.
2. With respect to the annual payments, Edward acknowledged that Charles decided the amount of the payments made by the dealership to the partnership, and claimed that he has been in continued disagreement with those amounts. Charles explained that the payments represented a distribution of earnings, with the amount determined on the basis of available earnings in any given year. Neither party offered any evidence to support the trial judge’s fording that a lease agreement existed. As no agreement was proved, the evidence did not warrant the trial court’s further finding that the “conduct, custom and oral agreement” of the parties changed the original terms of an agreement. Although financial documents referred to the annual payments from the dealership to the partnership as rent, and $60,000.00 was included, for accounting purposes, in the dealership’s accounts receivable as an amount of rent due the partnership for 2006, there was no evidence of any words, oral or written, between the parties to suggest the establishment of a specific lease term denoting any requirement to pay rent. The variation in the amounts paid supports Charles’s contention that the payments represented distributions from earnings the dealership could afford each year for the benefit of the brothers. A business slowdown accounts for the inability to distribute earnings for 2006. Edward has *140 failed to satisfy his burden of proving the existence of an enforceable agreement by the dealership to pay rent monthly, or yearly.
Accordingly, the trial court clerk shall make an entry on the docket vacating the judgment for the plaintiff, and entering a judgment for the defendant.
So ordered.

 There is presently pending an action in the Hampden County Superior Court Department to dissolve the Pioneer Valley Investors partnership.