On January 5, 2015, Orlando Javier Hernandez Tejada (Orlando), raised in El Salvador and currently residing in East Boston with his father, filed a complaint in equity in the Probate and Family Court requesting declaratory and equitable relief in the form of a Decree of Special Findings that he was dependent on the Probate and Family Court, as they are necessary to establish Orlando's eligibility to apply to the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(27)(J) (2012)[2] and an order for the defendant, his biological mother, to pay child support. Orlando submitted an affidavit detailing the neglect and abandonment he suffered from his mother in El Salvador, including failing to protect him from fatal gang threats, failing to seek police assistance to ensure his safety, refusing to relocate to a less dangerous neighborhood, and providing him with no support in removing himself from the dangers of the community.
On June 24, 2015, a Probate and Family Court judge held a nonevidentiary hearing on Orlando's complaint. On September 29, 2015, the judge entered a written order dismissing the complaint after reasoning that Orlando's mother's limited resources were the cause of her failure to remedy his situation and expressed concerns about Orlando's willingness to abandon his mother and his younger siblings in El Salvador in the face of such dire circumstances. The judge did not find, pursuant to 8 U.S.C. § 1101(a)(27)(J), that "reunification with one or both of [Orlando's] parents is not viable due to abuse, neglect, abandonment, or similar basis found under State law." A timely notice of appeal was filed. Orlando was eighteen at the time the case was dismissed, and has now reached the age of twenty.
"[T]he Probate and Family Court has jurisdiction, under its broad equity power, over youth between the ages of eighteen and twenty-one for the specific purpose of making the special findings necessary to apply for SIJ status pursuant to the INA." Recinos v. Escobar, 473 Mass. 734, 739 (2016).[3] In addition, "[i]n order to attain self-sufficiency, the plaintiff and other youth in [his or her] situation need the assistance of the Probate and Family Court in the form of special findings applicable to SIJ status. If an immigrant child is able to show, for purposes of SIJ status eligibility, that he or she experienced abuse, neglect, or abandonment by one or both parents, it follows that the child is dependent on the Probate and Family Court for the opportunity to obtain relief. The child would be 'dependent' on the Probate and Family Court for the assistance that is available in applying successfully for the Federal relief, i.e., SIJ status." Id. at 743.
"Acting within the limits of this fact-finding role, the judge must make the special findings even if he or she suspects that the immigrant child seeks SIJ status for a reason other than relief from neglect, abuse, or abandonment." Guardianship of Penate, 477 Mass. 268, 275 (2017). "The immigrant child's motivation is irrelevant to the judge's special findings. The judge's obligation to make the special findings also applies regardless of whether the child presents sufficient evidence to support a favorable finding under each of the criteria set forth in § 1101(a)(27)(J)." Ibid. The findings must also "be limited to the parent with whom the child claims reunification is not viable due to abuse, neglect, or abandonment. Thus, where an immigrant child asserts in her or his motion for special findings that reunification is not viable with only one parent, the Probate and Family Court shall limit its findings to that parent." Ibid.
In the present case, the judge based her decision on documents presented to her. Accordingly, "we are in as good a position as the Probate judge was to decide questions of fact." Bluhm v. Peresada, 5 Mass. App. Ct. 766, 766 (1977). The facts contained in Orlando's affidavit are undisputed.[4] As the evidence is uncontested, and the relief requested is time-sensitive, we choose to address the merits and in doing so, we make the following special findings and rulings based on the record before us:
1. Orlando was born on November 7, 1996, in El Salvador and currently lives with his father in East Boston, Suffolk County, Massachusetts.
2. The Probate and Family Court has jurisdiction pursuant to G. L. c. 215, § 6, to make equity determinations within the meaning of § 101(a)(27)(J) of the INA, 8 U.S.C. § 1101(a)(27)(J)(i) (2012), and 8 C.F.R. § 204.11(a) & (c) (2015). Orlando is dependent upon the Probate and Family Court and under its jurisdiction relative to these proceedings.
3. Reunification of Orlando with his mother is not viable due to abuse, neglect, abandonment, or similar grounds under State law.
4. It is not in the best interests of Orlando to return to El Salvador, his country of nationality, and it is in his best interests to remain in the United States.
The judgment of the Probate and Family Court dated September 29, 2015, is reversed.[5] The matter is remanded to that court where a decree is to enter forthwith incorporating the numbered findings recited above in this memorandum and order. The First Justice of the Suffolk Division of the Probate and Family Court shall direct the Register to enter the decree also forthwith, but in any event no later than November 1, 2017. The rescript shall issue forthwith.
So ordered.
Reversed and remanded.

To be eligible to seek SIJ status, an alien juvenile must establish: (1) that he or she has been declared dependent on a "juvenile court"; (2) that reunification with one or both of the juvenile's "parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (3) that it would not be in the juvenile's best interests to return to his or her country of nationality. See 8 U.S.C. § 1101(a)(27)(J)(i)-(ii). The State court's role is not "to engage in an immigration analysis or decision." Recinos v. Escobar, 473 Mass. 734, 738 (2016). The entry of special findings is not a final determination whether the juvenile meets the requirements for SIJ status; rather, it is the first step in the process of achieving SIJ status. Ibid.

At the time the order was issued, the Probate and Family Court judge did not have the benefit of the guidance supplied by the SJC in Recinos, supra.

Orlando's mother was served with the complaint and summons on April 18, 2015. The record reflects that she has not objected to, nor responded in any way, to these proceedings.

We vacate the judge's findings on the support order.