On December 4, 2015, J.C. (father) filed a petition in the Suffolk Division of the Probate and Family Court for custody of his son, F.C. (child). The father simultaneously filed a motion for special findings, requesting that the court enter specific factual findings necessary to establish the child's eligibility to apply to the United States Citizenship and Immigration Services (USCIS) for special immigrant juvenile (SIJ) status under 8 U.S.C. § 1101(a)(27)(J).[3] In support of the motion, the father and the child both submitted affidavits describing neglect that the child had suffered from the child's mother, M.T. (mother), while living in El Salvador, including but not limited to: the mother's inability to provide financially for the child, her inability to protect the child from repeated gang harassment and other violence, and her inability to intervene when he was threatened by local gang members who were recruiting him and threatening to harm the family if she refused to pay them. Her neglect in this regard caused him to suffer emotionally and eventually quit school. In the United States, the child is living with his father and brother in a stable environment and is attending high school without a constant fear of violence.
The mother was served with the complaint, summons, and motion for special findings. She filed an affidavit, agreeing that the father should be awarded full custody of the child. She does not contest any of the aforementioned facts regarding her neglect of the child.
After a nonevidentiary hearing, the judge issued a written order granting the child's custody to the father but denying the motion for special findings. Thereafter, a timely appeal was filed.
Because there was no evidentiary hearing, and the motion judge based her decision entirely on the documentary record, "we are in as good a position as the probate judge was to decide questions of fact." Bluhm v. Peresada, 5 Mass. App. Ct. 766, 766 (1977). See Guardianship of Penate, 477 Mass. 268, 277 (2017) (applying this standard of review in reversing Probate and Family Court's denial of motion for special findings). The affidavits of the father and child are consistent with each other and the facts contained therein are undisputed. Here, the uncontested averments in the affidavits show that the mother is unable "to take those actions necessary to provide a child with minimally adequate food, clothing, shelter, medical care, supervision, emotional stability and growth, or other essential care." 110 Code Mass. Regs. § 2 (2008).
As the facts are uncontested, and the relief requested by the petitioner is time-sensitive, we choose to address the merits and, in doing so, we make the following special findings and rulings based on the record before us:
1. F.C. was born on November 3, 1998, in Reina Chalatenango, El Salvador and currently resides with his father, J.C., in the city of Chelsea.
2. The Suffolk Division of the Massachusetts Probate and Family Court has jurisdiction pursuant to G. L. c. 215, § 6, to make equity determinations within the meaning of § 1101(a)(27)(J) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J), and 8 C.F.R. § 204.11(a), (c) (2016). The child is dependent on the Probate and Family Court and under its jurisdiction.[3]
3. The mother neglected him by failing to take any action to protect him from dangerous local gangs, thereby putting his safety at extreme risk.
4. The child's reunification with his mother is not viable due to abuse, neglect, abandonment, or a similar basis found under State law.
5. It is not in the best interests of F.C. to return to El Salvador, his country of nationality, and it is in his best interests to remain in the United States.
The order granting the father sole legal and physical custody of the child is affirmed. The order of the Probate and Family court denying the motion for special findings is reversed. The matter is remanded to that court where a decree is to enter forthwith incorporating the numbered findings recited in this memorandum and order. The First Justice of the Suffolk Division of the Probate and Family court shall direct the Register to also enter the decree forthwith. The rescript shall issue forthwith.
So ordered.
Affirmed in part; reversed in part and remanded.

To be eligible to seek SIJ status, an alien juvenile must establish: (1) that he or she has been declared "dependent on a juvenile court"; (2) that reunification with one or both of the juvenile's parents is "not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (3) that it would not be in the juvenile's best interests to return to his or her country of nationality. 8 U.S.C. § 1101(a)(27)(J)(i)-(ii). The State court's role is not to engage in an immigration analysis or decision. See Recinos v. Escobar, 473 Mass. 734, 738 (2016). The entry of special findings is not a final determination as to whether the juvenile meets the requirements for SIJ status; rather, it is the first step in the process of achieving SIJ status. Ibid.

A juvenile may be declared "dependent" on a court within the meaning of § 1101(a)(27)(J)(i) without being committed to the custody of the court or a State agency. See Recinos, 473 Mass. at 743 ("If an immigrant child is able to show, for purposes of SIJ status eligibility, that he or she experienced abuse, neglect, or abandonment by one or both parents, it follows that the child is dependent on the Probate and Family Court for the opportunity to obtain relief").