NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1148

LUANA GONCALVES DE PAULA

vs.

RONALDO GONCALVES LEMOS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On October 13, 2023, Luana Goncalves de Paula, raised in Brazil and currently residing in Winthrop, filed a complaint for dependency pursuant to G. L. c. 119, § 39M, in the Probate and Family Court, requesting declaratory and equitable relief in the form of a decree of special findings that she was dependent on the Probate and Family Court.  Such findings are necessary to establish Luana's eligibility to apply to the United States Citizenship and Immigration Services for special immigrant juvenile (SIJ) status under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(27)(J).[1]  Luana submitted an affidavit

_____

[1] To be eligible to seek SIJ status, an alien juvenile must establish:  (1) that he or she has been declared dependent on a

detailing the neglect she suffered from her father in Brazil, including that he was not involved in her upbringing, was not a caring father, did not spend meaningful time with her, kicked her out of his house when she turned eighteen years old, and failed to provide her with any support -- financial, emotional, or otherwise -- thereafter.[2]

On February 16, 2024, a Probate and Family Court judge held a nonevidentiary hearing on Luana's complaint. On February 21, 2024, the judge entered a written order dismissing the complaint after reasoning that "[a]lthough the Father was not an ideal parent, his conduct does not rise to the level of neglect." The judge did not find, pursuant to 8 U.S.C. § 1101(a)(27)(J)(i), that "reunification with [one] or both of [Luana's] parents is not viable due to abuse, neglect, abandonment, or similar basis found under State law." Accordingly, the complaint was dismissed by decree on March 4, 2024. Thereafter, Luana moved

_____

"juvenile court"; (2) that reunification with one or both of the juvenile's "parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law"; and (3) that it would not be in the juvenile's best interests to return to his or her country of nationality. 8 U.S.C. § 1101(a)(27)(J)(i)-(ii). The State court's role is not "to engage in an immigration analysis or decision." Recinos v. Escobar, 473 Mass. 734, 738 (2016).

[2] Luana's father was provided with a copy of Luana's filings in English and his native language, Portuguese. He assented to Luana's complaint for dependency against him by written filing dated December 14, 2023.

2

to vacate the judgment of dismissal and sought to file an amended complaint for dependency, then moved for relief from judgment under Mass. R. Dom. Rel. P. 60(b). The motion for relief was denied, and Luana filed a motion for reconsideration. On August 26, 2024, an order entered denying the motion for reconsideration, and a supplemental order of dismissal issued. The judge found that the behavior alleged does not meet the standard for abuse, neglect, and abandonment, nor does it "rise to the same level or magnitude to establish 'or similar circumstance' (i.e., death of a parent) pre or post 18 years of age." The judge further found that Luana made no allegation that her father withheld food, shelter, or other necessities and further noted that parents in another country are not obliged to support their children after the age of eighteen. A timely notice of appeal was filed on September 17, 2024. Luana was twenty at the time the case was dismissed and will reach the age of twenty-one on October 10, 2024.

"[T]he Probate and Family Court has jurisdiction, under its broad equity power, over youth between the ages of eighteen and twenty-one for the specific purpose of making the special findings necessary to apply for SIJ status pursuant to the INA." Recinos v. Escobar, 473 Mass. 734, 739 (2016). In addition,

> "[i]n order to attain self-sufficiency, the plaintiff and other youth in [his or her] situation need the assistance of the Probate and Family Court in the form of special

findings applicable to SIJ status. If an immigrant child is able to show, for purposes of SIJ status eligibility, that he or she experienced abuse, neglect, or abandonment by one or both parents, it follows that the child is dependent on the Probate and Family Court for the opportunity to obtain relief. The child would be 'dependent' on the Probate and Family Court for the assistance that is available in applying successfully for the Federal relief, i.e., SIJ status."

Id. at 743.

"Acting within the limits of this fact-finding role, the judge must make the special findings even if he or she suspects that the immigrant child seeks SIJ status for a reason other than relief from neglect, abuse, or abandonment." Guardianship of Penate, 477 Mass. 268, 275 (2017). "The immigrant child's motivation is irrelevant to the judge's special findings. The judge's obligation to make the special findings also applies regardless of whether the child presents sufficient evidence to support a favorable finding under each of the criteria set forth in § 1101(a)(27)(J)." Id. The findings must also

"be limited to the parent with whom the child claims reunification is not viable due to abuse, neglect, or abandonment. Thus, where an immigrant child asserts in her or his motion for special findings that reunification is not viable with only one parent, the Probate and Family Court shall limit its findings to that parent."

Id.

In the present case, the judge based her decision solely on the documents presented to her. Accordingly, "we are in as good a position as the probate judge to decide questions of fact." Bluhm v. Peresada, 5 Mass. App. Ct. 766, 766 (1977). The facts

4

contained in Luana's affidavit are undisputed.[3]  As the evidence is uncontested, and the relief requested is time-sensitive, we choose to address the merits and in doing so, make the following special findings and ruling based on the record before us:

1.  The plaintiff, Luana Goncalves de Paula, was born on October 10, 2003, in Brazil.  Luana resides in the town of Winthrop, Suffolk County, Massachusetts and under the jurisdiction of the Probate and Family Court.  Luana is not married.

2.  The Probate and Family Court has jurisdiction pursuant to G. L. c. 215, § 6, to make determinations about the dependency, care, support, and well-being of youth under the age of twenty-one.  Cf. Eccleston v. Bankosky, 438 Mass. 428, 436-437 (2003).  Luana Goncalves de Paula is dependent upon the Probate and Family Court for her health, safety, and welfare.  Id.

3.  Luana's father, the named defendant, neglected Luana. Accordingly, Luana's reunification with her father, Ronaldo Goncalves Lemos, is not viable.  See 110 Code Mass. Regs. § 2.00 (2008) (defining, inter alia, caretaker, child, and neglect).

---

[3] The defendant assented to Luana's complaint for dependency and did not contest any of the allegations contained therein.

4. Having considered the health, educational, developmental, physical and emotional interests of Luana, this court determines that it is not in Luana's best interests to return to her country of nationality, Brazil.  See, e.g., Custody of Kali, 439 Mass. 834, 843-845 (2003) (in making best interests determination, judge must identify and weigh pertinent factors).  In Brazil, Luana would lack parental protection and support.  In the United States, Luana has found stability, safety, and opportunities she could not access in Brazil.  For these reasons, it is in Luana's best interests to remain in the United States.

5. The above findings were made due to the neglect of Luana by her father, the defendant, to provide for her safety and well-being, and to protect Luana from future harm, in accordance with the laws of the Commonwealth of Massachusetts.

The order denying the motion for reconsideration and the supplemental judgment of dismissal entered August 26, 2024, and the judgment of dismissal entered March 4, 2024, are reversed. The matter is remanded to that court for entry of a decree incorporating the numbered findings recited above in this memorandum and order.  The First Justice of the Suffolk Division of the Probate and Family Court shall direct the Register to

enter the decree forthwith, but in any event no later than October 8, 2024.  The rescript shall issue forthwith.

<u>So ordered</u>.

By the Court (Massing, Henry & Desmond, JJ.[4]),

*Paul Little*

Clerk.

Entered:  October 4, 2024.

---

[4] The panelists are listed in order of seniority.